IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO


THE STATE OF ARIZONA,           )
                                )       2 CA-CR 2008-0070
                    Appellee,   )       DEPARTMENT A
                                )
              v.                )       O P I N I O N
                                )
WILLIAM JOHN FIIHR,             )
                                )
                    Appellant.  )
                                )


APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20072277

Honorable Richard D. Nichols, Judge

AFFIRMED

---

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Amy M. Thorson                          Tucson
                                                       Attorneys for Appellee


Isabel G. Garcia, Pima County Legal Defender
  By Robb P. Holmes                                              Tucson
                                                      Attorneys for Appellant

---

P E L A N D E R, Chief Judge.

**¶1** After a jury trial held in his absence, William John Fiihr was convicted of fleeing from a law enforcement vehicle in violation of A.R.S. § 28-622.01.[1] He was sentenced to a partially mitigated prison term of 4.5 years. On appeal, Fiihr contends the trial court erred by failing sua sponte to instruct the jury on what he claims is a lesser-included offense—"[f]ailure to stop" under A.R.S. § 28-1595(A). Because he failed to object to the instructions given below or to request a lesser-included-offense instruction, we review this claim for fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005); *see also State v. Gendron*, 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991).

**¶2** We hold that misdemeanor failure to stop is not a lesser-included offense of felony flight from a law enforcement vehicle. Because we find no error, fundamental or otherwise, we affirm.

## Background

**¶3** "We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against [Fiihr]." *State v. Lopez*, 209 Ariz. 58, ¶ 2, 97 P.3d 883, 884 (App. 2004). While responding to a "suspicious activity" call, a Pima County Sheriff's deputy observed a vehicle, driven by Fiihr, that matched the reported description.

---

[1]The state also charged Fiihr with resisting arrest and possession of drug paraphernalia. At trial, the court granted a directed verdict in his favor on the resisting arrest charge. *See* Ariz. R. Crim. P. 20. The jury acquitted him of possession of drug paraphernalia.

The deputy, driving "a fully marked patrol unit," followed the vehicle with his emergency lights and siren activated.

¶4        Initially, the patrol car was seven or eight car lengths behind Fiihr's vehicle. As the deputy closed the distance to about six car lengths, Fiihr "made a sharp right-hand turn" into a residential neighborhood. Driving up to fifty-five miles per hour in a twenty-five mile-per-hour zone, Fiihr then failed to stop for a stop sign as the deputy continued to follow him with his lights and siren still activated. At that point the only other vehicles on the road were heading in the opposite direction and yielded to the patrol car.

¶5        After the deputy, using his car's public address system, told Fiihr to stop his vehicle, Fiihr pulled into a convenience store parking lot. As the deputy was handcuffing him, Fiihr said, "I'm sorry I ran, I'm sorry," and later admitted he had seen the police vehicle's lights behind him. The entire pursuit lasted less than a minute and covered about "three quarters of a mile to a mile."

¶6        At trial, Fiihr argued he had not intended to elude or flee from the police. Rather, relying on a portion of his tape-recorded statement given to another deputy, Fiihr argued that he had not realized the deputy involved in the pursuit was directing him to stop until he was near the convenience store and that he had not seen the lights behind him until he turned into the residential neighborhood.

**Discussion**

¶7        Fiihr was charged with and convicted of unlawful flight from a pursuing law enforcement vehicle pursuant to § 28-622.01. That statute provides:

3

A driver of a motor vehicle who wilfully flees or attempts to elude a pursuing official law enforcement vehicle that is being operated in the manner described in [A.R.S.] § 28-624, subsection C is guilty of a class 5 felony. The law enforcement vehicle shall be appropriately marked to show that it is an official law enforcement vehicle.

The manner of operation prescribed in § 28-624(C) entails the law enforcement vehicle "sound[ing] an audible signal by bell, siren or exhaust whistle as reasonably necessary."[2]

¶8        The trial court properly instructed the jury on the unlawful flight charge. Fiihr does not argue otherwise. On appeal, however, Fiihr for the first time argues the trial court also should have instructed the jury on the "lesser-included offense" of failure to stop pursuant to A.R.S. § 28-1595(A), which states:

The operator of a motor vehicle who knowingly fails or refuses to bring the operator's motor vehicle to a stop after being given a visual or audible signal or instruction by a peace officer or duly authorized agent or a traffic enforcement agency is guilty of a class 2 misdemeanor.[3]

---

[2]Section 28-624(C) also requires "an authorized emergency vehicle" to be "equipped with at least one lighted lamp displaying a red or red and blue light or lens visible under normal atmospheric conditions from a distance of five hundred feet to the front of the vehicle." Police vehicles, however, are excepted from that requirement and "need not be equipped with or display [emergency lights] visible from in front of the vehicle." § 28-624(C). The contrary statement in *State v. Nelson*, 146 Ariz. 246, 249, 705 P.2d 486, 489 (App. 1985), that "§ 28-622.01 requires proof that . . . a pursuing official law enforcement vehicle . . . was being operated with both lights and siren activated" was "pure dictum" and overlooked the exception in § 28-624(C) for police vehicles vis-à-vis the emergency lights requirement. *In re Joel R.*, 200 Ariz. 512, ¶ 5, 29 P.3d 287, 289 (App. 2001).

[3]Section 28-1595(D), A.R.S., provides that "[a] peace officer . . . may give the signal or instruction required by subsection A of this section by hand, emergency light, voice, whistle or siren."

4

The state responds that failure to stop differs from felony flight because § 28-622.01 "is restricted to situations when the officer is *in pursuit* in a law enforcement *vehicle*," whereas "failure to stop can be committed when a person fails to stop for any visual or audible signal or instruction given by a peace officer," regardless of whether the officer is "on foot or in a vehicle." We agree.

**¶9** A lesser-included offense "must be composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983); *see also State v. Wall*, 212 Ariz. 1, ¶ 14, 126 P.3d 148, 150 (2006). In addition, the offenses must be such "that the lesser cannot be committed without always satisfying the corresponding elements of the greater." *In re Victoria K.*, 198 Ariz. 527, ¶ 17, 11 P.3d 1066, 1070 (App. 2000). "'The test for whether an offense is "lesser-included" is whether it is, by its very nature, always a constituent part of the greater offense, or whether the charging document describes the lesser offense even though it does not always make up a constituent part of the greater offense.'"[4] *State v. Robles*, 213 Ariz. 268, ¶ 5, 141 P.3d 748, 750-51 (App. 2006), *quoting State v. Chabolla-Hinojosa*, 192 Ariz. 360, ¶ 12, 965 P.2d 94, 97 (App. 1998); *see also State v. Gooch*, 139 Ariz. 365, 366-67, 678 P.2d 946, 947-48 (1984). Under some circumstances, a trial court's failure to sua sponte instruct the jury on

---

[4]Fiihr does not argue the indictment described a failure to stop offense under § 28-1595(A). Therefore, we do not address the "charging document" test in analyzing his claim.

5

a lesser-included offense may constitute fundamental, prejudicial error. *See State v. Valenzuela*, 194 Ariz. 404, ¶ 16, 984 P.2d 12, 16 (1999).

¶10        A motorist can violate § 28-1595(A) by knowingly failing to stop "after being given a visual or audible signal or instruction by a peace officer" who is not driving a vehicle. Failure to stop does not require that two motor vehicles are involved or that the law enforcement officer be "*in a police car*." *State v. Fogarty*, 178 Ariz. 170, 173, 871 P.2d 717, 720 (App. 1983) (discussing former § 28-1075, now § 28-1595(A)). A violation of § 28-622.01, in contrast, does require two vehicles because it hinges on a driver "wilfully flee[ing] or attempt[ing] to elude a pursuing official law enforcement vehicle." And the offense of failure to stop includes as an element that the officer give "a visual or audible signal or instruction" to stop, § 28-1595(A), but that element is not necessarily required for unlawful flight under § 28-622.01.

¶11        In addition, § 28-622.01 requires "a pursuing official law enforcement vehicle that [was] being operated in the manner described in § 28-624, subsection (C)." But under that latter statute, depending on the circumstance, use of a siren or other audible signal may not be necessary when pursuing a fleeing motor vehicle. *See In re Joel R.*, 200 Ariz. 512, ¶ 8, 29 P.3d at 289 (upholding finding of delinquency for unlawful flight where siren not sounded because unnecessary under circumstances). And, as noted in footnote two of this decision, § 28-624(C) excepts police vehicles from the requirement of having or displaying a colored "light or lens visible from in front of the vehicle." Thus, the prescriptions in § 28-

624(C) do not equate to the "visual or audible signal or instruction" required for failure to stop under § 28-1595(A).

**¶12** In sum, failure to stop is not a lesser-included offense of felony flight because a person can violate § 28-1595(A)—by failing to stop as signaled or instructed by an on-foot police officer—without always satisfying the corresponding elements of the greater offense found in § 28-622.01. *See In re Victoria K.*, 198 Ariz. 527, ¶ 17, 11 P.3d at 1070. Thus, no error occurred, fundamental or otherwise, by the trial court's failure to sua sponte instruct the jury on failure to stop. *See Henderson*, 210 Ariz. 561, ¶ 23, 115 P.3d at 608 (defendant must first prove error in order to obtain relief under fundamental error review).

## Disposition

**¶13** Fiihr's conviction and sentence are affirmed.

_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge


_____
J. WILLIAM BRAMMER, JR., Judge