284 P.3d 893

**STATE of Arizona, Appellee,**

v.

**Leonel MARTINEZ, Appellant.**

**No. 1 CA–CR 11–0296.**

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 16, 2012.

Thomas C. Horne, Attorney General By Kent E. Cattani, Chief Counsel Criminal Appeals/Capital Litigation Section, and Katia Mehu, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Louise Stark, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

GOULD, Judge.

¶ 1 Leonel Martinez appeals his conviction and resulting sentence imposed for one count of unlawful flight. Martinez argues that there was insufficient evidence to support the jury's verdict and that he was denied due process and a fair trial by the improper admission of opinion testimony regarding his truthfulness. For the following reasons, we affirm.

### Factual and Procedural Background

¶ 2 At about 6:30 in the evening on November 15, 2007, Officer Shipley pulled over a black Chevy pick-up truck headed westbound on Virginia near 7th Street in Phoenix. Officer Shipley was driving a marked police car that displayed police decals and was equipped with overhead lights and sirens. To conduct the traffic stop, he turned on the overhead lights and pulled the truck over. Officer Shipley shined his spotlight on the passenger compartment of the truck, and ran the truck's license plate number and discovered the registered owner's license was suspended. With this information, he approached the driver-side door and asked the driver for his driver's license, registration, and proof of insurance. The driver did not comply with Officer Shipley's requests; instead, the truck lurched forward about five or ten feet. Officer Shipley again approached the driver-side door and directed the driver to put the truck in park. The driver looked at Officer Shipley, sighed, did not respond, and sped away. Officer Shipley returned to his patrol car and pursued the truck. Officer Shipley testified at trial that during the pursuit he "might have had the siren on with lights for a short period of time just to give him [the driver] the opportunity to pull over again." However, because the driver was driving erratically and almost collided with construction barricades, Officer Shipley discontinued the pursuit after a few moments. Officer Shipley later checked MVD records and confirmed that the registered owner of the truck, Martinez, was the individual he had contacted driving the truck on November 15.

¶ 3 At about 11:30 p.m. on November 15, Officer Fortune contacted Martinez in response to his call reporting a stolen black Chevy truck. Officer Fortune was aware that a truck of the same description had been involved in a felony flight earlier that evening. Martinez told Officer Fortune that he had left his truck at his brother's condo after getting off work. Martinez stated his friend had picked him up to go to the gym and then dropped him off at Martinez's girlfriend's house, and that Martinez's brother had later called to tell him his truck had been stolen. Officer Fortune did not believe Martinez's story. After confirming that Martinez was suspected of involvement in the felony flight from Officer Shipley, Officer Fortune arrested Martinez.

¶ 4 Martinez was charged with one count of unlawful flight from a law enforcement vehicle pursuant to Arizona Revised Statutes

("A.R.S.") section 28–622.01 (2004).[1] At trial, Officer Shipley identified Martinez as the driver who fled from him on November 15. Officer Fortune testified that he had originally contacted Martinez with regard to a report of a stolen vehicle, but had eventually arrested Martinez at Officer Shipley's request. The jury found Martinez guilty as charged. The court suspended Martinez's sentence and placed him on two years' supervised probation. Martinez timely appealed.

### Discussion

■ ¶ 5 Relying on A.R.S. § 28–624(C), Martinez argues that to support his conviction for unlawful flight the State was required to prove that Officer Shipley activated his emergency lights during the subject pursuit. Martinez contends there was insufficient evidence to support the jury's verdict because there was no specific testimony that Officer Shipley activated his overhead lights during the pursuit.

¶ 6 We disagree. On its face, A.R.S. § 28–624(C) does not require the activation of emergency lights to prove the crime of unlawful flight. Section 28–624 exempts drivers of "authorized emergency vehicles" from certain traffic regulations if the driver is "operating at least one lighted lamp displaying a red or red and blue light or lens."[2] A.R.S. § 28–624(B). However, A.R.S. § 28–624(C) provides that "an authorized emergency vehicle operated as a *police vehicle* need not be equipped with or display a red or red and blue light or lens visible from in front of the vehicle." (Emphasis added). Thus, police vehicles, unlike other "emergency vehicles," are not required to display their emergency lights in order for § 28–622.01 to

apply. *State v. Fiihr,* 221 Ariz. 135, 137 n. 2, 211 P.3d 13, 15 n. 2 (App.2008).

¶ 7 While operating emergency lights may provide circumstantial evidence that a defendant was "willfully" fleeing from an official law enforcement vehicle, activation of emergency lights is not an essential element of the crime of unlawful flight. *See In re Joel,* 200 Ariz. 512, 514, ¶ 8, 29 P.3d 287, 289 (App. 2001) (upholding a finding of delinquency for unlawful flight where the police officer did not activate his siren). To the extent *State v. Nelson,* 146 Ariz. 246, 249, 705 P.2d 486, 489 (App.1985), held that A.R.S. § 28–622.01 requires proof that a pursuing law enforcement vehicle "was being operated with" emergency lights, this statement is dicta, and overlooks "the exception in § 28–624(C) for police vehicles vis-a-vis the emergency lights requirement." *Fiihr,* 221 Ariz. at 137, ¶ 7 n. 2, 211 P.3d at 15 n. 2; *see also In re Joel,* 200 Ariz. at 514, ¶ 5, 29 P.3d at 289 (holding that statement in *Nelson* requiring both lights and siren was "pure dictum").

■ ¶ 8 We hold, therefore, that pursuant to A.R.S. § 28–622.01, the essential elements of the crime of unlawful flight are: (1) the defendant, who was driving a motor vehicle, wilfully fled or attempted to elude a pursuing official law enforcement vehicle, and (2) the law enforcement vehicle was appropriately marked showing it to be an official law enforcement vehicle. *See State v. Fogarty,* 178 Ariz. 170, 171, 871 P.2d 717, 718 (App.1993) (holding that "any refusal to stop on command of an officer who is *in a police car* violates the felony flight statute because of the potential for personal danger inherent in vehicular pursuit").[3]

---

1. Arizona Revised Statutes § 28–622.01 provides as follows:

   A driver of a motor vehicle who wilfully flees or attempts to elude a pursuing official law enforcement vehicle that is being operated in the manner described in § 28–624, subsection C is guilty of a class 5 felony. The law enforcement vehicle shall be appropriately marked to show that it is an official law enforcement vehicle.

2. These traffic law exemptions include exceeding the speed limit and proceeding through stop signs and traffic lights. A.R.S. § 28–624(B)(2), (3).

3. We do not reach the issue of whether unlawful flight requires proof that an officer used sirens "as reasonably necessary." A.R.S. § 28–622.01. This issue was not presented to the trial court and has not been addressed by the parties on appeal. Significantly, neither *In re Joel* nor *Fiihr* held that use of sirens is an essential element of the crime of unlawful flight. *In re Joel,* 200 Ariz. at 513–14, ¶¶ 5–7, 29 P.3d at 288–89; *Fiihr,* 221 Ariz. at 138, ¶ 11, 211 P.3d at 16; *c.f. Herderick v. State,* 23 Ariz.App. 111, 114–15, 530 P.2d 1144, 1146–48 (1975) (holding that a pursuing officer owed no duty to use his sirens to warn a fleeing motorist of his pursuit; the duty to use sirens is owed to other drivers on the roadway,

¶ 9 Based on the foregoing, even if the jury concluded that Officer Shipley did not activate his emergency lights, Martinez's *conviction* for unlawful flight is supported by the evidence. Sufficient evidence was presented on all of the elements of the crime of unlawful flight, including evidence that Officer Shipley was driving "an authorized emergency vehicle operated as a police vehicle" when he attempted to stop Martinez.

¶ 10 Martinez next argues the trial court fundamentally *erred in admitting* testimony from Officer Fortune that he thought Martinez was lying.[4] Because Martinez did not object to this testimony at trial, "our review is limited to fundamental error." *State v. Boggs,* 218 Ariz. 325, 334, ¶ 38, 185 P.3d 111, 120 (2008) (citing *State v. Henderson,* 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005)). When reviewing for fundamental error we first determine whether the trial court committed error, and only if we find it erred will we consider "the prejudicial nature of the unobjected-to error ... in *light* of the entire record." *State v. Morales,* 198 Ariz. 372, 375, ¶ 9, 10 P.3d 630, 633 (App. 2000) (citing *State v. Thomas,* 130 Ariz. 432, *436,* 636 P.2d 1214, 1218 (1981)).

¶ 11 Arizona prohibits testimony from an expert or a lay witness that opines as to the truthfulness of a statement by another witness. *State v. Reimer,* 189 Ariz. 239, 241, 941 P.2d 912, 914 (App.1997). Testimony about the truthfulness or credibility of other witnesses invades the province of the jury. *State v. Moran,* 151 Ariz. 378, 383, 728 P.2d 248, 253 (1986). However, "[l]ay witnesses may give opinion testimony, even as to the ultimate issue, when it is 'rationally based on the perception of the witness and ... helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.'" *State v. Doerr,* 193 Ariz. 56,

63, ¶ 26, 969 P.2d 1168, 1175 (1998) (quoting Ariz. R. Evid. 701).

¶ 12 When questioned by the State, Officer Fortune testified that Martinez's actions while reporting his truck stolen were standoffish and odd, and that "[Martinez's] story didn't match up. It seemed like [Martinez] was being evasive and lying." Officer Fortune further testified that he had "significant experience with people reporting crimes" and that Martinez's behavior was not typical.

¶ 13 Officer Fortune's testimony that he did not believe Martinez's statements was necessary to explain why Fortune did not continue to investigate the alleged stolen vehicle. During opening statement, and on cross-examination, defense counsel implied that Officer Fortune was less than diligent in his investigation. Under these circumstances, Officer Fortune's statements explaining why he "did not believe the defendant and did not do more to pursue" Martinez's story were permissible. *Doerr,* 193 Ariz. at 63, ¶¶ 26–28, 969 P.2d at 1175; *see also Morales,* 198 Ariz. at 375, ¶¶ 13–15, 10 P.3d at 633 (stating that "were they lying" questions and testimony are not always improper and, without more, will rarely amount to fundamental error).

¶ 14 Furthermore, even if the testimony was improper, we are not persuaded its admission was fundamental error. The jury was instructed about its duty to determine the credibility of witnesses, and "[w]e presume that the jurors followed the court's instructions." *State v. Newell,* 212 Ariz. 389, 403, ¶ 68, 132 P.3d 833, 847 (2006). Nor are we persuaded a reasonable jury could have reached a different verdict absent Officer Fortune's comments in light of Officer Shipley's testimony that he observed Martinez while conducting the traffic stop and later

---

not the fleeing motorist); *Simkins v. Pulley,* 116 Ariz. 487, 491, 569 P.2d 1385, 1389 (App.1977) (affirming holding in *Herderick* that duty to use sirens is owed to other drivers on the roadway); A.R.S. § 28–954(E) (2012) (stating that "the driver of the [emergency] vehicle shall sound the siren when reasonably necessary to warn pedestrians and other drivers of the approach of the emergency vehicle.").

4. Martinez also argues the "officer's comments combined with his status as a prosecution agent make his improper testimony the same as improper prosecutorial vouching." Martinez has not cited, and we have not found, any cases to support this contention. We focus instead on whether Officer Fortune's statements impermissibly commented on Martinez's credibility.

identified Martinez as the driver of the vehicle involved in the unlawful flight. *See Henderson*, 210 Ariz. at 569, ¶ 27, 115 P.3d at 609.

### Conclusion

¶ 15 For the reasons above, we affirm Martinez's conviction and resulting sentence.

CONCURRING: MAURICE PORTLEY, Presiding Judge, and ANN A. SCOTT TIMMER, Judge.