NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANGEL DURAZO, *Appellant.*

No. 1 CA-CR 15-0373
FILED 4-28-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-123461-001
The Honorable Hugh E. Hegyi, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Phoenix
*Counsel for Appellant*

Angel Durazo, Florence
*Appellant*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Peter B. Swann joined.

**J O N E S**, Judge:

**¶1**        Angel Durazo appeals his conviction and sentence for one count of unlawful flight from a pursuing law enforcement vehicle. After searching the entire record, Durazo's defense counsel has identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Durazo thereafter filed a supplemental brief *in propria persona*. After reviewing the record, we find no error. Accordingly, Durazo's conviction and sentence are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**        On May 16, 2014, as part of an investigation of an unrelated matter, Phoenix Police Department officers in two marked law enforcement vehicles activated their lights and sirens behind a 2005 Chevrolet Monte Carlo registered to Durazo's mother and known to be regularly driven by Durazo. At the time, the Monte Carlo was turning into the parking lot of a shopping center at the corner of 67th Avenue and Thomas Road in Phoenix. The driver initially appeared startled by the noise. But, he looked back at the officers, completed his turn, continued through the parking lot, and exited onto Thomas Road without stopping, despite numerous opportunities to have done so. The officers terminated their attempt to stop the vehicle after approximately thirty seconds, but by that time, had identified Durazo as the driver.

---

[1]        We view the facts in the light most favorable to sustaining the jury's verdict, with all reasonable inferences resolved against the defendant. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

**¶3**        Thirty minutes later, the Monte Carlo returned to Durazo's residence approximately one and a half miles away.  Durazo was later located at his home and arrested without incident.  He was charged with one count of unlawful flight from a pursuing law enforcement vehicle in violation of Arizona Revised Statutes (A.R.S.) section 28-622.01,[2] a class five felony, and was tried before a jury in December 2014.

**¶4**        Following presentation of the State's evidence, Durazo unsuccessfully moved for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20(a).  The jury found Durazo guilty as charged and also determined he had committed the offense while on probation.  The State proved one prior felony conviction, and the trial court sentenced Durazo as a non-dangerous, repetitive offender to the presumptive term of 2.25 years' imprisonment with credit for 371 days of presentence incarceration.

**¶5**        Durazo filed a motion for new trial, which was denied.  Durazo timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1), (2).

## DISCUSSION

### I.        Probable Cause for Indictment

**¶6**        Durazo argues the grand jury proceedings were deficient because "the story was exaggerated alot [sic] and key facts were left out."  A challenge to a grand jury's finding of probable cause must be made by a motion for remand and may be reviewed by this Court only upon the filing of a petition for special action relief prior to trial.  *State v. Moody*, 208 Ariz. 424, 439-40, ¶ 31 (2004).  An exception exists where a defendant stands trial on an indictment which the State knew was based on perjured material testimony.  *Id.*

**¶7**        Here, Durazo filed a motion for remand to the grand jury for a new determination of probable cause, which was denied.  But, he did not then petition for special action relief.  Because Durazo does not now allege the State knowingly proceeded with an indictment based upon perjured testimony, the grand jury's finding of probable cause is not reviewable on direct appeal.

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

## II.    Request for Jury Instruction on a Lesser Included Offense

**¶8**        Durazo also argues the trial court erred in refusing to instruct the jury on failure to stop, A.R.S. § 28-1595, as a lesser included offense of unlawful flight.  However, this Court has previously held that failure to stop is not a lesser included offense of flight from a law enforcement vehicle, *State v. Fiihr*, 221 Ariz. 135, 138, ¶ 12 (App. 2008) (citing *In re Victoria K.*, 198 Ariz. 527, 531, ¶ 17 (App. 2000)), and we find no error.

## III.    Probable Cause to Initiate the Traffic Stop

**¶9**        Durazo also argues his conviction was in error because, he contends, the officers lacked probable cause to initiate a traffic stop of the Monte Carlo and did so only as a ruse to create an opportunity to search Durazo's home for evidence related to an investigation of his brothers. Although there was significant discussion between the parties regarding the reason for the stop, the jury did not hear any evidence on the issue and was instead advised by the trial court, with Durazo's consent, that "the sergeant wanted to talk to Mr. Durazo about an unrelated matter, and that's why he requested the traffic stop."  Durazo now claims he was denied a right to a fair trial because he was not permitted to question the law enforcement officers regarding the reason for the stop, and therefore, the jurors did not hear the "whole truth."

**¶10**        Even if the circumstances alleged by Durazo are true, the motivation for the stop is irrelevant to the offense charged.  The propriety of an officer's direction to a driver to stop is not an element of the offense of unlawful flight.  *Compare* A.R.S. § 28-622.01 (stating a person commits a class five felony if he "willfully flees or attempts to elude a pursuing official law enforcement vehicle"), *with* A.R.S. § 28-622 (specifying "[a] person shall not willfully fail or refuse to comply with any *lawful* order or direction of a police officer") (emphasis added).  Moreover, permitting a driver to ignore what he perceives to be an improper request of law enforcement contravenes one of the basic purposes of A.R.S. § 28-622.01: to proscribe conduct which might lead to vehicular accidents or other danger to the public inherent in a vehicular pursuit.  *See State v. Fogarty*, 178 Ariz. 170, 171-72 (App. 1993) (holding that "any refusal to stop on command of an officer who is in a police car violates the felony flight statute because of the potential for personal danger inherent in vehicular pursuit").  Testimony regarding the reason for the stop was irrelevant and inadmissible pursuant to Arizona Rule of Evidence 402 ("Irrelevant evidence is not admissible.").

## IV. Impartiality or Bias of Trial Court Judge

¶11      Durazo argues the trial court judge improperly denied his pre- and post-trial motions as a result of personal bias. Specifically, Durazo contends his brothers were tried and acquitted of unrelated criminal charges in the same division, and the judge "was upset about the outcome . . . and wanted to get back at the family by denying Mr. Durazo all his motion[s]." Durazo did not ask that the judge be recused in the trial court proceedings, and we therefore review only for fundamental error. *See State v. Curry*, 187 Ariz. 623, 631 (App. 1996) (noting a defendant who fails to submit written motion and affidavit asserting cause for recusal, as required by Arizona Rule of Criminal Procedure 10.1(b), waives all but fundamental error review).

¶12      The right to a fair trial is "the foundation" of our judicial system. *State v. Carver*, 160 Ariz. 167, 172 (1989). However, we presume the trial court is impartial; therefore, the party seeking recusal bears the burden of proving bias or prejudice by a preponderance of the evidence. *Id.* (citations omitted). A judge's prior dealings or familiarity with a defendant or his circumstances does not, absent a showing of bias or prejudice, require recusal. *See State v. Munoz*, 110 Ariz. 419, 421 (1974) (finding no reason to disqualify judge where "the defendant was no stranger to the trial judge and over the years she had been before him as a juvenile and her name had been prominent in other [criminal] activities in the . . . area"); *State v. Thompson*, 150 Ariz. 554, 557 (App. 1986) (agreeing that a judge need not recuse himself from a criminal case "'merely because he has heard unfavorable remarks about the defendant in the course of prior litigation'") (quoting *Commonwealth v. Campbell*, 366 N.E.2d 44, 57 (1977)).

¶13      Moreover, Durazo does not offer any proof, nor do we find any evidence suggesting, the trial court judge's partiality could reasonably be questioned. To the contrary, the judge's willingness to listen to the parties' arguments and the careful reasoning given to support his rulings throughout the trial evidence his commitment to impartiality. Our review of the law and circumstances surrounding Durazo's motions indicate the trial court acted within its discretion in its ruling on each.

## V. Prosecutorial Misconduct

¶14      Durazo also argues he was denied a fair trial as the result of prosecutorial misconduct on the basis that: (1) the State "changed their probable cause" for the stop during the course of the trial, and (2) the State knew of the trial court judge's involvement with Durazo's brothers' case

and "never tr[i]ed to fix the issue." However, neither circumstance constitutes misconduct, let alone misconduct sufficient to warrant reversal of Durazo's conviction.

¶15 First, we have already determined the reason for the stop was immaterial to the charge. *See supra* Part III. Additionally, no allegation has been made that the prosecutor knowingly used perjured testimony or failed to comply with disclosure requirements designed to advise the defendant of the case against him. In fact, the State did not present any testimony or evidence regarding the grounds for the stop, agreeing instead the trial court judge would provide the information in a neutral manner that would avoid prejudice to Durazo. There is no indication within the record on appeal that the prosecutor acted in any fashion to undermine Durazo's defense or ability to prepare for trial.

¶16 Second, we have also already determined Durazo's argument that the trial court judge was biased is without merit and insufficient to establish he was denied a fair trial. *See supra* Part IV. Thus, even if the prosecutor knew of the judge's involvement in Durazo's brothers' case — of which there is no evidence in the record — and had an obligation to disclose that information to the court — any evidence of which we are not aware — any such error was harmless. *See State v. Hughes*, 193 Ariz. 72, 80, ¶ 32 (1998) ("Prosecutorial misconduct is harmless error if we can find beyond a reasonable doubt that it did not contribute to or affect the verdict.").

## VI. Motion for New Trial

¶17 Durazo filed a motion for new trial alleging he was denied a fair trial after a juror reported being aware Durazo was in custody during the course of the trial. We review the denial of a motion for new trial for an abuse of discretion. *State v. Ruggiero*, 211 Ariz. 262, 264, ¶ 6 (App. 2005) (citing *State v. Hoskins*, 199 Ariz. 127, 142, ¶ 52 (2000)).

¶18 The record reflects that, on the first day of trial, Juror 10 observed a uniformed police officer putting on gloves at a break in the proceedings. Based on his own prior experience in law enforcement, Juror 10 knew the officer would put gloves on prior to making physical contact with an inmate and concluded Durazo was in custody. After the jury returned a guilty verdict during the guilt phase, Juror 10 commented to other jurors that Durazo would be going back into custody. After Durazo filed the motion for new trial, the trial court interviewed the jury panel. Four jurors recalled hearing Juror 10's remark, but recalled either no or very

brief discussion regarding Durazo's circumstances.  After hearing this testimony, the court denied the motion, concluding:

> [T]he improper information provided the jury by Juror 10 was limited, there was only a brief further discussion, the discussion occurred at a phase in the proceedings in which many jurors would have assumed that the Defendant would be incarcerated because of the preceding conviction, and the emotional impact on the jury of viewing Defendant in jail or prison garb did not occur.  The Court finds the information did not taint the jury during its deliberations as to the aggravating circumstances of whether Defendant was on probation at the time of the instant offense.

¶19        On this record, we cannot say the trial court abused its discretion in denying Durazo's motion for new trial where it did not find any indication the jury was influenced by Juror 10's belief that Durazo was in custody during the course of the trial.  Further, Durazo has presented no evidence that his defense was prejudiced in any fashion, particularly where a typical juror might assume Durazo would be incarcerated during the aggravation stage anyway.  *See, e.g., State v. Streett*, 11 Ariz. App. 211, 215 (1969) (affirming denial of motion for mistrial where "no showing of actual prejudice has been demonstrated").

## VII.   Jury Instructions

¶20        Although not raised by Durazo or his counsel, our review reveals an error in the trial court's instructions to the jury.  Durazo was charged with a violation of A.R.S. § 28-622.01, which provides:

> A driver of a motor vehicle who willfully flees or attempts to elude a pursuing official law enforcement vehicle that is being operated in the manner described in [A.R.S.] § 28-624, subsection C is guilty of a class 5 felony.  The law enforcement vehicle shall be appropriately marked to show that it is an official law enforcement vehicle.

Section 28-624(C) requires the driver of the marked law enforcement vehicle to "sound[] an audible signal by bell, siren or exhaust whistle as reasonably necessary."

¶21　　　　Regarding the elements of the offense, the jury was instructed:

> The crime of unlawful flight from a pursuing law enforcement vehicle requires proof of the following:
>
> One, the defendant, who was driving a motor vehicle, willfully fled or attempted to elude a pursuing official law enforcement vehicle;
>
> And two, that the law enforcement vehicle was appropriately marked showing it to be an official law enforcement vehicle.

The requirement that the pursuing law enforcement vehicle sound a bell, siren, or whistle was omitted from the instruction.

¶22　　　　Although the direction provided the jury was not an ideal, complete instruction on the elements of unlawful flight, *but see State v. Martinez*, 230 Ariz. 382, 384, ¶ 8 (App. 2012) (defining "the essential elements of the crime of unlawful flight" without mentioning the requirements contained in A.R.S. § 28-624(C)), the evidence clearly indicates the drivers of two marked law enforcement vehicles activated their sirens after being directed to initiate a traffic stop of the Monte Carlo. The evidence therefore supports all elements of the charge, and there was no fundamental error to Durazo. *See State v. Ramirez*, 115 Ariz. 70, 73 (App. 1977) (concluding there was no fundamental error where evidence supported an element on which the trial court failed to instruct the jury).

## VIII.　Sufficiency of the Evidence

¶23　　　　Within his supplemental brief, Durazo argues the State presented insufficient evidence upon which the jury could find essential elements of the crime, including that: (1) Durazo was the driver of the vehicle; (2) Durazo was aware he was being pursued by a law enforcement vehicle and therefore acted willfully; and (3) Durazo fled or attempted to elude the law enforcement vehicle. We review *de novo* the sufficiency of the evidence to support a conviction. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011) (citing *State v. Bible*, 175 Ariz. 549, 595 (1993)). In the course of our review:

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. . . . "Substantial evidence," Rule 20's lynchpin phrase, "is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" . . . Both direct and circumstantial evidence should be considered in determining whether substantial evidence supports a conviction.

*Id.* at ¶ 16 (citations omitted).

**¶24** We conclude sufficient circumstantial evidence was presented upon which the jury could determine beyond a reasonable doubt that Durazo was driving the vehicle, knew he was being pursued by a law enforcement vehicle, and chose to continue driving. *See generally State v. Montano*, 121 Ariz. 147 (App. 1978) (affirming conviction for unlawful flight from a law enforcement vehicle where seven witnesses controverted arresting officer's testimony that he activated the vehicle's lights and siren). At trial, three different officers positively identified Durazo as the driver of the vehicle. Contrary to Durazo's assertions, the State is not required to prove a driver took evasive action or traveled at a high rate of speed, but only that he refused to stop upon the command of an officer traveling in a law enforcement vehicle. *Fogarty*, 178 Ariz. at 171. And, as the trial court correctly noted when it denied Durazo's Rule 20 motion, "The willfulness element is not something that is normally determined by a specific admission. It's something that is inferred from the surrounding circumstances." *See State v. Lester*, 11 Ariz. App. 408, 410 (1970) ("[T]he requisite intent is a state of mind which is seldom, if ever, susceptible of proof by direct evidence and must ordinarily be proven by circumstantial evidence.") (citing *State v. Gammons*, 133 S.E.2d 649, 756 (N.C. 1963)). The evidence indicates Durazo failed to stop when being followed by officers driving two marked law enforcement vehicles and operating their lights and sirens and is sufficient to establish his conduct was willful.

## IX.    Presentence Report

**¶25** Our review of the record also reveals that, although a presentence report was prepared and disseminated to the parties prior to sentencing, the report was not filed with the court. The record does not conclusively establish whether the trial court judge received or reviewed the presentence report prior to sentencing.

¶26 Generally, failure to review the pre-sentence report prior to imposing sentence is error. *State v. Clabourne*, 142 Ariz. 335, 346 (1984). But, we find no prejudice to Durazo in the error. The report does not contain any information helpful to Durazo, who refused to participate in an interview with the writer. *See id.* (finding no reversible error where court on review "find[s] little in the pre-sentence report which would be of help to the defendant"). Additionally, Durazo cannot establish prejudice because he received the minimum sentence available to him. *See* A.R.S. §§ 13-703(B), (I), -708(C). Therefore, there is no fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005) ("To prevail under [fundamental error review], a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice.").

## X. Fundamental Error Review

¶27 Further review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Durazo was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict.

¶28 The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). At sentencing, Durazo was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentence imposed was within the statutory limits. *See* A.R.S. § 13-703(B), (I).

## CONCLUSION

¶29 Durazo's conviction and sentence are affirmed. Defense counsel's obligations pertaining to Durazo's representation in this appeal have ended. Defense counsel need do no more than inform Durazo of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶30 Durazo has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz.

R. Crim. P. 31.19(a).  Upon the Court's own motion, we grant Durazo thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: ama