NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TAURICE LEON SINGLETON, *Appellant*.

No. 1 CA-CR 16-0160
FILED 3-16-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-116539-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence Blieden
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Maurice Portley and Judge Patricia A. Orozco joined.[1]

**T H U M M A**, Judge:

¶1  Taurice Singleton appeals his conviction and resulting probation grant for unlawful flight from a law enforcement vehicle, claiming there was insufficient evidence to support the conviction. Having shown no reversible error, his conviction and probation grant are affirmed.

## FACTS[2] AND PROCEDURAL HISTORY

¶2  In April 2015, Singleton borrowed his neighbor's truck to pick up a box spring for his 5-year old son at a nearby store. His son accompanied him to the store. When they arrived, Singleton had his son sit in the truck to eat while he went inside to get the box spring.

¶3  While Singleton was inside the store, watching his son through the window, two uniformed police officers noticed his son sitting unattended in the truck. One officer spoke with the child and Singleton then came out of the store and spoke with the officer. After taking down Singleton's information, the officers left to respond to an unrelated call. On the way to that unrelated call, the officers ran Singleton's information and discovered he had a suspended license. When the unrelated call was cancelled, the officers went back to find Singleton.

¶4  While driving east in their marked police car, the officers saw Singleton driving west. The officers activated their overhead emergency lights and made a U-turn over a median to pull-up behind Singleton. Both

---

[1] The Honorable Maurice Portley and Honorable Patricia A. Orozco, Retired Judges of the Court of Appeals, Division One, have been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2] This court "view[s] the facts in the light most favorable to sustaining the jury's verdict and resolve[s] all reasonable inferences against [Singleton]." *State v. Lopez*, 209 Ariz. 58, 59 ¶ 2 (App. 2004).

vehicles then stopped at a red stop light, the officers in their marked police car with activated lights directly behind Singleton. When the stop light turned green, Singleton drove away. The officers followed with emergency lights still activated and briefly used their sirens twice in a further attempt to get his attention, believing Singleton was probably heading toward his home. In the end, Singleton drove about a mile, going through several intersections, making turns, obeying traffic laws and eventually pulling into a driveway near his home.

¶5         Approximately three minutes after the officers first activated their lights, Singleton pulled into his neighbor's driveway. At this point, the officers arrested Singleton. During his conversation with the officers, Singleton explained that he did not stop immediately because "he wanted to get his son to a safe place." He also admitted that he knew his license was revoked and that he knew the officers were behind him while he was driving, although he did not specify when he first noticed the officers.

¶6         At trial, Singleton testified that he did not realize the officers were behind him until he had pulled into his neighborhood. Singleton and his neighbor testified that Singleton had called his neighbor twice before pulling into the driveway. During the first call, Singleton wanted to talk about his interaction with the police at the store, but the neighbor had to cut the call short. During the second call, shortly after the neighbor ended the first call, Singleton told his neighbor police officers were behind him and he needed him to take care of his son. Singleton testified that he spoke with another person on the phone before making either call to his neighbor.

¶7         Singleton was indicted on one count of unlawful flight from a law enforcement vehicle, a Class 5 felony. After motion practice, a hearing in which his statements were determined not to be in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966) and a three-day trial, where Singleton unsuccessfully moved for a judgment of acquittal, the jury found him guilty. The court suspended his sentence and he was placed on unsupervised probation for 18 months. This court has jurisdiction over Singleton's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A) (2017).[3]

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

¶8        Although unlawful flight from a law enforcement vehicle has three statutory elements, on appeal, Singleton only disputes whether the State proved one element: that he willfully fled or attempted to elude the law enforcement vehicle. *See* A.R.S. § 28-622.01. Singleton argues because there was "no evasive driving and otherwise completely lawful behavior, there is no evidence to support the" guilty verdict. Essentially, according to Singleton, because the distance and time of the pursuit were short, and he obeyed all traffic laws and made no attempt to evade the police, there is insufficient evidence to prove he willfully fled the law enforcement vehicle.

¶9        This court will disturb a jury's verdict based on insufficiency of the evidence only "where there is a complete absence of probative facts to support the conviction." *State v. Large*, 234 Ariz. 274, 277 ¶ 8 (App. 2014) (citations omitted). This court will review the sufficiency of evidence to "determine if substantial evidence existed to support the jury verdict." *State v. Cornman*, 237 Ariz. 350, 356 ¶ 21 (App. 2015). "Substantial evidence is 'more than a "mere scintilla"' of evidence that 'reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt.'" *Id.* (citations omitted). Even if this court would have reached a different conclusion than the jury, this court only considers whether there is a "complete absence" of evidence to support the jury's conclusion. *State v. Carlisle*, 198 Ariz. 203, 206 ¶ 11 (App. 2000).

¶10        Singleton testified he did not see the police car until he was in his neighborhood, which he claims negates the willfulness element. The officers, however, testified they could see inside the truck, did not believe his view was obstructed and that, although he spoke freely with the officers and explained other reasons for his failure to stop, Singleton did not mention to the officers that he didn't see them until they entered his neighborhood. The jury properly was charged with resolving this conflicting testimony, and this court does not re-evaluate that resolution. *See State v. Lewis*, 224 Ariz. 512, 516 ¶ 21 (App. 2010) ("'The finder-of-fact, not the appellate court, weighs the evidence and determines the credibility of witnesses.'") (citation omitted). Although Singleton also asserted he did not pull over immediately out of fear for his son's safety, the jury could reasonably have concluded that, even if true, it was not reasonable to believe police officers would leave his son alone on the side of the road. This is particularly so given the officers had expressed concern for the son's wellbeing less than an hour earlier at the store.

¶11 That Singleton obeyed other traffic laws and the pursuit was of short duration and distance are of no moment. Arizona requires neither long duration nor the breaking of other traffic laws to show unlawful flight from a law enforcement vehicle. *See, e.g.*, *State v. Fogarty*, 178 Ariz. 170, 171 (App. 1993) (holding "any refusal to stop on command of an officer who is *in a police car* violates the felony flight statute" and affirming an unlawful flight conviction when the defendant drove slowly, did not violate any traffic laws and the pursuit was of short duration); *State v. Gonzalez*, 221 Ariz. 82, 83 ¶ 3 (App. 2009) (affirming unlawful flight conviction when officer and defendant drove at slow speeds, the defendant pulled over across the street from his house and "the pursuit lasted 'a minute or less'"); *State v. Fiihr*, 221 Ariz. 135, 136 ¶ 5 (App. 2008) (similar); *State v. Martinez*, 230 Ariz. 382, 383 ¶ 2 (App. 2012) (affirming unlawful flight conviction when officer "discontinued the pursuit after a few moments").

¶12 On this record, the evidence is sufficient for a reasonable person to find guilt beyond a reasonable doubt. *See Cornman*, 237 Ariz. at 356 ¶ 21. Accordingly, Singleton has not shown there was insufficient evidence to support his conviction.

## CONCLUSION

¶13 Because Singleton has shown no reversible error, his conviction and probation grant are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA