NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RONALD REED WRIGHT, *Appellant.*

No. 1 CA-CR 19-0142
FILED 4-9-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201800455
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nathan Curtisi
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

---

**J O N E S,** Judge:

¶1            Ronald Wright appeals his conviction and sentence for misconduct involving weapons.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2            In March 2018, a Mohave County Sheriff's Office deputy was dispatched to a residence in Kingman.[1]  The deputy observed Wright standing outside the home, facing a woman in the doorway.  When the deputy told Wright he was under arrest, Wright removed a backpack he was wearing and attempted to toss it to the woman.  The deputy "grabbed the backpack," arrested Wright, and searched them both.  In the backpack, the deputy found a loaded firearm, which Wright, who knew he was a prohibited possessor, was not permitted to have.

¶3            The jury convicted Wright of one count of misconduct involving weapons.  *See* Ariz. Rev. Stat. (A.R.S.) § 13-3102(A)(4)[2] ("A person commits misconduct involving weapons by knowingly . . . [p]ossessing a deadly weapon or prohibited weapon if such person is a prohibited possessor.").  The trial court found the State had proven beyond a reasonable doubt that Wright had two historical prior felony convictions, sentenced him as a non-dangerous, repetitive offender to the minimum sentence of eight years' imprisonment, and credited him with 254 days of presentence incarceration.   Wright timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1]       "We view the facts in the light most favorable to sustaining the jury verdict and resolve all reasonable inferences against the [defendant]." *State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007) (citing *State v. Tamplin*, 195 Ariz. 246, 246, ¶ 2 (App. 1999)).

[2]       Absent material changes from the relevant date, we cite the current version of rules and statutes.

## DISCUSSION

### I.     Jury Instructions

¶4         After the close of evidence, the trial court discussed jury instructions with the parties.  Although the State was required to prove Wright "knowingly" possessed a deadly weapon or prohibited weapon as a prohibited possessor, *see* A.R.S. § 13-3102(A)(4), defense counsel asked the court to include "all mental states" in the jury instructions "for comparison sake," so the jury would understand "there are different culpability levels in crime and that this crime involves the culpable state of knowingly."  The court denied the request.

¶5         Wright argues on appeal that by refusing to instruct jurors on other mental states, the trial court deprived him of a "meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984).  In particular, Wright asserts that jurors could have found he possessed the firearm recklessly, but not knowingly, so as to warrant an instruction on recklessness.  "We review a court's refusal to give a requested jury instruction for an abuse of discretion," *State v. Lewis*, 236 Ariz. 336, 346, ¶ 44 (App. 2014) (citing *State v. Dann*, 220 Ariz. 351, 363-64, ¶ 51 (2009)), and find no error here.

¶6         Although a defendant is entitled to a jury instruction "on all theories reasonably supported by the evidence, 'when a jury is properly instructed on the applicable law, the trial court is not required to provide additional instructions that do nothing more than reiterate or enlarge the instructions in defendant's language.'"  *State v. Forde*, 233 Ariz. 543, 566, ¶ 91 (2014) (quoting *State v. Bolton*, 182 Ariz. 290, 309 (1995)).  Here, the only mental state applicable to the charge against Wright was "knowingly,"[3] *see* A.R.S. § 13-3102(A)(4), which the court correctly defined for jurors as "act[ing] with awareness of the existence of conduct or circumstances constituting an offense."  *See* A.R.S. § 13-105(10)(b); *see also* Rev. Ariz. Jury Instr. (Criminal) 1.0510(b) (5th ed. 2019).  The definition of "knowingly" inherently excludes other mental states — such as recklessness or criminal negligence — that do not satisfy the elements of that definition.  The court

---

[3]     Although the trial court acknowledged Wright could have also been convicted of misconduct involving weapons if the jury found he "intentionally" possessed a firearm, the court concluded there was no reason to instruct jurors on "intentional" possession under the facts of the case, and Wright does not challenge that decision.

was not required to provide additional instructions, or put a gloss on the existing instruction, that would explain what "knowingly" does *not* mean.

¶7        Nor did the trial court's refusal to instruct jurors on mental states inapplicable to the charged offense offend principles of due process by impeding Wright's ability to present a complete defense. Because the parties stipulated that Wright was a prohibited possessor on the date of the offense, the only question at trial was whether he knowingly possessed the firearm that was found in the backpack. And, although the defense chose not to present any direct testimony or evidence, Wright received a fair opportunity to defend against the element of knowing possession through cross-examination and argument.

## II.    Sufficiency of the Evidence to Prove Prior Convictions

¶8        After the jury found Wright guilty of misconduct involving weapons, the trial court held a hearing on the State's allegations that Wright had two prior felony convictions. At the hearing, the State offered certified copies of: the judgment and sentencing order for one prior conviction; the sentencing order for another prior conviction; a "pen pack" from the Arizona Department of Corrections (ADOC) consisting of a summary inmate report, photograph, and fingerprints; and a booking photograph and fingerprints taken from Wright in the instant case. After considering the evidence and argument, the court found the State proved the prior convictions beyond a reasonable doubt "[b]ased on the identifying information" provided.

¶9        Wright argues on appeal that there was insufficient evidence proving he was the person who committed the alleged priors. Because he did not make this objection at trial, he bears the burden of proving fundamental, prejudicial error to merit relief on appeal. *See State v. Fiihr*, 221 Ariz. 135, 136, ¶ 1 (App. 2008) (citing *State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 19-20 (2005), and *State v. Gendron*, 168 Ariz. 153, 154 (1991)).

¶10        The certified records of the prior convictions describe a person named "Ronald Reed Wright" with a birthdate of January 29, 1961; the same information is contained in the ADOC pen pack, as well as the booking documents associated with the instant case. Moreover, Wright's booking photograph from the instant case resembles the photograph from the ADOC, both include a similar chin scar, and the ADOC summary inmate report list descriptions for two offenses committed by Wright on September 10, 2014 and August 29, 2006 — the same offense dates listed in the certified sentencing orders provided by the State.

¶11        This evidence is sufficient to identify Wright as the person convicted of the prior felonies. *See State v. McAlvain*, 104 Ariz. 445, 446-47 (1969) (concluding a photograph and judgment of conviction were sufficient to prove a prior conviction despite lack of expert fingerprint comparison); *State v. Baca*, 102 Ariz. 83, 87 (1967) (concluding photographs and a "detailed description" of the offender in record of conviction were sufficient to prove the defendant was the same person convicted of a prior felony).    Accordingly, Wright fails to prove error, fundamental or otherwise.

## CONCLUSION

¶12        Wright's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA