589 P.2d 21

The STATE of Arizona, Appellee,

v.

Manuel Fimbres MONTANO, Appellant.

No. 2 CA–CR 1452.

Court of Appeals of Arizona,
Division 2.

Dec. 5, 1978.

148

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III, and Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Richard D. Burris, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was indicted for wilfully fleeing from a law enforcement vehicle in violation of A.R.S. Sec. 28–622.01. He was tried by a jury and found guilty. His motion for new trial was denied and he was sentenced to the state prison for not less than four nor more than five years.

Appellant contends the trial court erred in denying his motion for a continuance and in denying his motion for sanctions pursuant to Rule 15.7(a), Rules of Criminal Procedure. He also challenges the sufficiency of the evidence to support his conviction and the length of sentence imposed.

Appellant's trial commenced in the afternoon of January 17, 1978. When court reconvened the following day, defense counsel informed the court that he had just been advised by the prosecutor that she intended to use certain evidence in rebuttal. This evidence consisted of a tape recording of transmissions from the chief prosecution witness, the officer from whom appellant was fleeing, to the dispatcher. The purpose of this evidence was to rebut testimony of defense witnesses that they had not heard sirens. (The tape recording disclosed the sound of a siren for a very brief period while appellant's vehicle was being pursued by the officer.) Defense counsel first requested the court to preclude the state from using this evidence. The prosecutor then informed the court that she was unaware of the existence of the tape until the previous evening. The defense motion was denied whereupon defense counsel requested a week's continuance in order to ascertain the accuracy of the tape. The court declared a forty-five minute recess to afford both attorneys an opportunity to listen to the tape at the Tucson Police Department. When they returned to court, defense counsel renewed his motion and the court indicated it would defer ruling if defense counsel wanted to call the police officer to the stand. Counsel did so, questioned the officer as to the information he had transmitted after the pursuit, and then indicated to the court that he had been unable to hear the entire tape. The court denied the defense motion at that time because counsel would have ample opportunity to hear the tape prior to its use in rebuttal.

When the trial resumed on the morning of January 19, defense counsel informed the court that he had listened to the tape the preceding day and discovered that one of the more important post-pursuit messages indicated the existence of a potential witness. The prosecutor expressed her willingness to assist in locating the witness during morning recess or the lunch hour and to afford defense counsel an opportunity to interview the witness. When defense counsel indicated that he would complete presentation of his evidence by noon, the court advised him that it would recess until the following morning and "you can have the afternoon to run this down." Defense counsel said he would let the court know at noon whether he wanted to recess for the afternoon and the court stated:

"I want to know at noon whether to tell the jury to go home or not. If you want the afternoon to do it, you may have it."

Before the noon recess, defense counsel cross-examined the police officer concerning the information that might be on the tape recording. The officer's testimony revealed that the name of the potential witness was unknown to the officer as he had made no record of his name. At noon, counsel did

not request the court to recess until the following day.

■ Assuming arguendo that the state had a duty to disclose the tape recording, imposition of Rule 15.7 sanctions is committed to the discretion of the trial court. *State v. Hunt,* 118 Ariz. 431, 577 P.2d 717 (1978). Here the prosecutor was not aware of the tape's existence until the eve of trial. Defense counsel was afforded an opportunity to listen to it and in doing so discovered what he thought was a "potential witness" to the incident. He did not avail himself of the half-day continuance offered to him by the court. When all the circumstances are considered, we cannot say the court abused its discretion in allowing into evidence the small segment of the tape recording which pertained to the pursuit itself.

■ Appellant attacks the sufficiency of the evidence to support his conviction because the arresting officer was the only witness for the state who identified appellant as the driver of the fleeing vehicle, whereas seven witnesses, relatives and friends of appellant, testified otherwise. Also, these seven witnesses testified that neither the siren nor the emergency lights of the police vehicle were on at the crucial time, contrary to the officer's testimony that they were. It is not the function of an appellate court to retry a conflict in the evidence, but only to decide whether there is evidence to support the verdict. *State v. Blazak,* 114 Ariz. 199, 560 P.2d 54 (1977). The strength or weakness of testimony is not measured by the number of witnesses; one witness, if relevant and credible, is sufficient to support a conviction. *State v. McMurry,* 20 Ariz.App. 415, 513 P.2d 953 (1973). The jury apparently believed the police officer and we do not interfere with their assessment of the credibility of the witnesses.

Appellant concedes that his sentence is within the statutory limits but maintains that it is excessive and urges this court to exercise its power to reduce his sentence. We agree that the sentence is excessive.

■ We exercise our power to reduce a sentence only when it clearly appears that it is excessive. In determining whether there has been an abuse of discretion, we look at the circumstances of the offense together with the moral character and past conduct of appellant. *State v. Killian,* 91 Ariz. 140, 370 P.2d 287 (1962). As to the offense itself, there was no high-speed "chase" of a prolonged nature. Furthermore, the whole episode developed because the arresting officer was seeking appellant to have him clean up spittle from the windshield of the police car. According to the officer, he had earlier observed appellant and a companion coughing and spitting close to the car.

The presentence report indicates that appellant had no prior felony convictions and from 1968 to 1971 had four convictions, three for traffic violations and one for petty theft. The report does show prior "police contacts" involving assaultive behavior, but the charges were dismissed. The transcript of sentencing reflects that the court felt that the only way appellant could be taught a lesson and be made to realize that he had to take some responsibility for things that happened was to give him "some time in prison."

■ In its recent decision in *State v. Patton,* Ariz., 586 P.2d 635 (1978) the Supreme Court reviewed in detail the various factors to be considered by the trial court in the exercise of its discretion as to sentence. The general character of the party convicted, age, physical health, cooperative attitude, moral character and prior criminal record or lack thereof are valid considerations. The non-violent nature of the crime, the depravity of the offense, and the degree of defendant's participation are appropriate considerations to evaluate the circumstances of the offense.

We do not disagree with the trial court's conclusion that the objectives of sentencing, i. e., rehabilitation, restraint, retribution and deterrence, would best be served by incarceration of appellant. However, we believe the sentence imposed was unnecessarily harsh in view of the circumstances of the offense and the nature of appellant's

criminal record. While it would appear that he resented authority figures, such as policemen, he had been in military service and had been honorably discharged. We conclude that it would be appropriate to exercise our power under A.R.S. Sec. 13–1717(B) to reduce appellant's sentence.

The judgment of conviction is affirmed and the sentence is reduced to not less than two nor more than three years.

RICHMOND, C. J., and HOWARD, J., concur.