NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSHUA DAVID OCAMB, *Appellant.*

No. 1 CA-CR 14-0084
FILED 2-24-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-153036-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza C. Ybarra
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Margaret M. Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

¶1        Joshua David Ocamb appeals his convictions for two counts of aggravated driving under the influence.  Ocamb argues that the trial court abused its discretion when it denied his Rule 20 motion and committed fundamental error when it failed to *sua sponte* give a *Willits* instruction.[1]  For reasons set forth below, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

¶2        Late in the evening of September 15, 2011, M.B. was waiting for some friends outside a bar in Gilbert.  M.B. noticed Ocamb being escorted out of the bar.  An argument ensued between Ocamb and these individuals, but eventually everyone parted ways.  Ocamb stood in the parking lot for a couple minutes and when he proceeded to get into his car, M.B. and his friends walked over and advised him not to, telling him to "walk it off."  M.B. warned Ocamb that he was obviously intoxicated, that he should not be driving, and that, if he left the bar, he would "probably . . . be found guilty of something."

¶3        Ocamb got out of the car and walked across the parking lot towards an intersection.  He was slurring his words and stumbling as he walked, and, before he was half-way across the lot, removed his shirt.  When Ocamb reached the corner of the intersection, he turned around, walked back to his car, and got in the vehicle.  M.B. walked within a few feet of Ocamb's car and again told him not to get in his vehicle.  Ocamb nonetheless got in and drove away.  No one else was in the car with him.  M.B. called 911 and gave the operator a description of the car, including the

---

[1]        *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964).

[2]        We view the evidence in the light most favorable to sustaining the convictions and resolve all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320, ¶ 2, 212 P.3d 11, 12 (App. 2008).

license plate number, a description of Ocamb, and the general direction in which the car was travelling.

¶4        Gilbert Police Officer Victor Perez testified that dispatch generated a "locate vehicle" call at midnight with the license plate number and the general direction of travel of the vehicle. Officer Perez was driving nearby, and approximately two minutes after hearing the call, he spotted a car with its headlights on in the driveway of a residence approximately 1.5 miles from the bar. The license plate on the vehicle matched the one radioed in, and when Officer Perez walked up to the driver-side door of the vehicle, Ocamb was seated in the driver's seat fumbling with his phone. The vehicle's engine was running, its headlights and tail lights were on, and the rear passenger side tire was flat. Ocamb was the only person in the vehicle. Officer Perez asked Ocamb where he was coming from; and he responded by motioning up to the house and stating, "I'm coming from here." In speaking with Ocamb, Officer Perez detected an odor of alcohol. He asked Ocamb to get out of the vehicle and called for a DUI officer. Officer Perez attempted to execute a horizontal gaze nystagmus ("HGN") test, but was unable to do so because Ocamb was unable to follow instructions.

¶5        Officer Eric Riley responded to Officer Perez's call. When he contacted Ocamb, Officer Riley noticed that Ocamb was not wearing a shirt and that he was swaying in a circular motion and smelled of alcohol. Officer Riley administered an HGN test, with Ocamb exhibiting all six cues of impairment. Officer Riley terminated the remaining field sobriety tests due to Ocamb's inability to stand and arrested Ocamb at 12:15 a.m. A blood sample taken at the police station subsequently established that Ocamb had a blood alcohol content of .255 within two hours of driving.

¶6        Gilbert Police Officer Jeffrey Barnett conducted an inventory search of the vehicle at the scene and located the vehicle keys inside the vehicle. Officer Barnett described the vehicle as parked "cattywampus" in the driveway. He also observed that there was a "critical slash scuff mark" left by a flat tire that led from the street to the position of the rear flat tire. The tire mark went all the way to the tire and the tire mark in the roadway also indicated that the tire was flat before the vehicle went into the driveway.

¶7        At the conclusion of the State's witnesses' testimony, the parties stipulated that Ocamb's Arizona privilege to drive was under suspension on September 16, 2011, and that Ocamb knew or should have known he was not eligible to legally drive. The State then rested, and Ocamb moved for a Rule 20 judgment of acquittal, which the trial court

3

denied. The jury found Ocamb guilty of two counts of aggravated DUI, and the trial court sentenced him to concurrent four-month prison terms on each charge with fifty days presentence incarceration credit, to be followed by concurrent 30-month probationary periods.

¶8        Ocamb timely appealed. We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (1992), 13-4031 and 13-4033 (2010).

## ANALYSIS

### Denial of Rule 20 Motion

¶9        Ocamb contends that the trial court erred in denying his Rule 20 motion because there was insufficient evidence that he drove or was in actual physical control of his vehicle. Before the trial court, Ocamb argued that the State failed to present substantial evidence that would sustain a jury finding that he drove or was in actual physical control because none of the officers who contacted him in the driveway saw him driving the vehicle, saw how he arrived in the driveway, or saw him move the vehicle. He also argued that there were credibility issues with the evidence presented concerning his driving. The trial court found the evidence was sufficient to send the matter to the jury based on M.B.'s testimony identifying Ocamb as the person who drove away from the bar. The court also found that the Ocamb's location inside the vehicle shortly thereafter with the lights on and the engine running added to the evidence that Ocamb was in physical control.

¶10        On appeal, Ocamb reiterates what are essentially credibility arguments, claiming, for example, that M.B. was an unreliable witness because he did not identify the color of the vehicle at trial, and that the mere fact that police saw him sitting in the car with the lights on and the engine running does not prove that he controlled it. We find no merit in Ocamb's arguments and no error in the trial court's denial of his Rule 20 motion.

¶11        Rule 20 requires the trial court to enter a judgment of acquittal before the verdict is rendered when no substantial evidence exists to warrant a conviction. Ariz. R. Crim. P. 20 (a). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Hall*, 204 Ariz. 442, 454, ¶ 49, 65 P.3d 90, 102 (2003) (quoting *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996)). The evidence may be direct or circumstantial, and if reasonable minds could differ on the inferences to be drawn from the evidence, the matter should be submitted to the jury. *State*

*v. Landrigan*, 176 Ariz. 1, 4, 859 P.2d 111, 114 (1993). We review a trial court's denial of a motion for judgment of acquittal *de novo* and will reverse only if no substantial evidence supports the convictions. *State v. Bible,* 175 Ariz. 549, 595, 858 P.2d 1152, 1198 (1993). We will not set aside a jury verdict for insufficient evidence if substantial evidence supports the conclusion reached by the jury. *See State v. Arredondo*, 155 Ariz. 314, 316, 746 P.2d 484, 486 (1987). Substantial evidence, both direct and circumstantial, supports the jury's guilty verdicts based on a finding that Ocamb drove the vehicle.

¶12 First, M.B. testified that he saw Ocamb drive away from the parking lot, unaccompanied, in the vehicle. That testimony alone, if believed by the jury as it obviously was here, is sufficient to support the finding that Ocamb drove. "The strength or weakness of testimony is not measured by the number of witnesses; one witness, if relevant and credible, is sufficient to support a conviction." *State v. Montano*, 121 Ariz. 147, 149, 589 P.2d 21, 23 (App. 1978). Ocamb argues that M.B.'s testimony was unreliable, and, therefore, insufficient, because M.B. mistakenly testified that the color of the vehicle was blue when Officer Riley testified that it was tan or gold. This argument, however, ignores the fact that M.B. acknowledged that he was guessing at the color when he testified. It also ignores the significant fact that the license plate number M.B. provided the 911 operator matched the number of the license plate on the vehicle Officer Perez located minutes later with Ocamb in it, alone, in the driver's seat with the lights on and the engine running. Defense counsel noted and argued the discrepancies in M.B.'s trial testimony, and the credibility and the weight to be given it were exclusively matters for the jury to decide. *See State v. Cox*, 217 Ariz. 353, 357, ¶ 27, 174 P.3d 265, 269 (2007). The trial court properly denied Ocamb's Rule 20 motion on the basis of M.B.'s testimony alone.

¶13 Moreover, as the trial court noted, circumstantial evidence also supports the finding that Ocamb drove. That evidence includes Officer Perez's testimony that he located the vehicle "two minutes" after dispatch put out the call and only a mile and a half from the bar; that Ocamb was the only person in the vehicle, and in the driver's seat; and that the vehicle's engine was still running and its lights were still on. Marks in the roadway indicated that the vehicle was driven with a flat tire onto the driveway. The short time between when M.B. observed Ocamb drive off from the parking lot and when Officer Perez spotted him stopped in the driveway also supports the inference that Ocamb could only have gotten from the bar to the driveway in his vehicle in such a short period of time by driving himself there.

¶14 Because reasonable minds could differ on the inferences to be drawn from the evidence and because substantial evidence supports the convictions, the trial court properly denied the Rule 20 motion. *See Bible*, 175 Ariz. at 596, 858 P.2d at 1199.

*Willits Instruction*

¶15 During cross-examination of Officer Perez, defense counsel elicited testimony that Officer Perez took photographs of Ocamb's vehicle that would have shown the inside of the car, the condition of the car, and how the car was positioned in the driveway, but that the photographs had been inadvertently deleted by an officer in training. Ocamb concedes that he did not request a *Willits* instruction at trial, but argues on appeal that it was fundamental error for the court not to give one *sua sponte*. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (stating fundamental error review applies when defendant fails to object to alleged trial error); Ariz. R. Crim. P. 21.3 (c) (stating party may not assign as error on appeal trial court's failure to give instruction unless party objects before jury retires to consider verdicts). Therefore, to prevail on this issue on appeal, a "defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Henderson,* 210 Ariz. at 567, ¶ 20, 115 P.3d at 607. Ocamb does neither in this case.

¶16 "To be entitled to a *Willits* instruction a defendant must prove that (1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 8, 329 P.3d 1049, 1052 (2014) (internal citation omitted). The phrase "tendency to exonerate" does not signify that the evidence must have the potential to completely absolve a defendant of guilt. *Id.* at ¶ 10, 329 P.3d at 1052. However, to show that the evidence had a "tendency to exonerate," a defendant cannot simply speculate about how the evidence may have been helpful. *Id.* at ¶ 9, 329 P.3d at 1052. To warrant the instruction, "there must be a real likelihood that the evidence would have had evidentiary value." *Id.*

¶17 First, Ocamb does not show that the evidence would have tended to exonerate him. He argues that the photographs could have illustrated for the jury the color of the car, which M.B., "the State's star witness," said was blue but one officer said was tan. But even if the photographs had shown that M.B. was mistaken about the color of the vehicle, they would hardly have exonerated Ocamb when the evidence was undisputed that M.B. not only provided officers with an accurate

description of Ocamb but also the correct license plate number on the vehicle.

**¶18** Ocamb also claims that the photographs would have shown that the car was not drivable due to the flat tire, but they would only indicate that the car might no longer have been drivable once it had reached the driveway. The photographs would not, however, have proven that the vehicle was incapable of being driven when it left the parking lot or that Ocamb was not the driver. Other than Ocamb's sheer speculation, there is no indication that the photographs would have had any evidentiary value that was not already available through testimony.

**¶19** Furthermore, Ocamb has not established how the lack of the photographs prejudiced his case. *See Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607. Defense counsel used the fact that the photos were no longer available to argue that the police had "screw[ed] up" and that the State consequently lacked the evidence it needed to prove its case beyond a reasonable doubt. Defense counsel used the discrepancy in the testimony about the car's color to argue to the jury that M.B.'s testimony was not accurate and therefore, his entire testimony was not to be trusted. With regard to the car's tires, Officer Barnett testified that the flat tire occurred before the car was parked in the driveway. Contrary to Ocamb's arguments, a photograph of the flat tire itself would not have shown that the vehicle was not drivable or that Ocamb did not drive it where it came to rest in the driveway. We find that no error, let alone fundamental error, resulted from the lack of a *Willits* instruction in this case. *See State v. Lavers*, 168 Ariz. 376, 385, 814 P.2d 333, 342 (1991).

## CONCLUSION

**¶20** For the foregoing reasons, we affirm Ocamb's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama