NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GERARDO MENDEZ ESTRADA, *Appellant*.

No. 1 CA-CR 24-0321

FILED 05-15-2025

Appeal from the Superior Court in Maricopa County
No. CR2021-002338-001
The Honorable Suzanne Marie Nicholls, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Deborah Celeste Kinney
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

_____

**P A T O N**, Judge:

**¶1**    Gerardo Mendez Estrada appeals his convictions and sentences for sexual conduct with a minor, molestation of a child, and sexual abuse of multiple victims. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**    We view the facts in the light most favorable to sustaining the verdicts. *State v. Mendoza*, 248 Ariz. 6, 11, n.1 (App. 2019). Estrada lived with his second cousins, Amber and Bridget, who are sisters, in their home in Phoenix for four or five years.[1] On separate occasions, Estrada engaged in sexual activity with Amber and Bridget while living with them.

**¶3**    Estrada's second cousin, Christine, also Amber and Bridget's cousin, often visited the home while Estrada lived there. When Christine was about twelve or thirteen years old, she believed she was in a relationship with Estrada. Her parents learned of this relationship and prevented her from seeing Estrada for several years. Christine reconnected with Estrada when she was sixteen or seventeen years old, at which time he engaged in sexual activity with her when the two visited South Mountain.

**¶4**    Before 2014, Estrada's wife, Linda, and her daughters, Diane and Eve, also lived with Amber and Bridget in their home. Diane and Eve then moved to Tempe in approximately 2013 with their mother and Estrada. Estrada engaged in sexual activity with Diane when she was about ten years old and lived with him in Phoenix and in Tempe. Estrada also engaged in sexual activity with Eve when she lived with him in Tempe.

**¶5**    In 2014, Eve told her mother that Estrada had touched her sexually. The Tempe Police Department investigated the allegation, but the investigation closed because Eve, who was about five years old at the time,

_____

[1] We use pseudonyms to protect victim and witness identities. Ariz. R. Sup. Ct. 111(i).

did not disclose any abuse by Estrada because she was afraid to talk and concerned her mother would be angry.

¶6          In 2021, law enforcement contacted Christine and she disclosed the incident in which Estrada touched her. Christine believed Estrada engaged in sexual activity with Amber and Bridget. Law enforcement then conducted forensic interviews of Amber, Bridget, and Christine. Bridget participated in a recorded one-party consent phone call in which Estrada made several incriminating statements. The same day, Estrada was arrested and interviewed by law enforcement.

¶7          Also in 2021, Diane was admitted to the hospital and disclosed what Estrada did to her. During interviews with law enforcement, Diane and Eve disclosed that Estrada had engaged in sexual activity with them.

¶8          The State indicted Estrada on thirteen counts of sexual conduct with a minor (Counts 1-6, 8-9, 13-17), three counts of molestation of a child (Counts 7, 10-11), and one count of sexual abuse (Count 12) occurring between 2009 and 2016 and involving Amber, Bridget, Christine, Diane, and Eve.

¶9          During an eight-day trial in April 2024, the jury heard testimony from the victims, law enforcement officers from the Phoenix and Tempe Police Departments, and Jennifer Ingalls, a Childhelp forensic interviewer. During his testimony, Detective Quezada read portions of transcripts of Bridget and Estrada's phone call and his interview of Estrada to the jury; both transcripts were admitted into evidence.

¶10          After the close of the State's evidence, the State moved to dismiss four counts of sexual conduct with a minor with prejudice (Counts 2, 4, 13, 17), which the court granted. The State also moved to amend the indictment regarding the location for Count 8 and the date ranges for Counts 3, 11, 12, 14, 15, and 16, which the court granted. Estrada moved for a judgment of acquittal under Rule 20 of the Arizona Rules of Criminal Procedure, which the court denied. Estrada did not present evidence at trial.

¶11          The jury convicted Estrada on the thirteen counts it considered. The court sentenced Estrada to the following consecutive terms of incarceration: life in prison with the possibility of release after 35 years for Counts 1, 8-9, 14-16; 20 years on Count 3; and 17 years for Counts 7, 10-11. The court sentenced Estrada to lifetime probation for Counts 5-6 and 12 and awarded him 997 days of presentence incarceration credit.

¶12            Estrada timely appealed.  We have jurisdiction under Arizona
Revised Statutes ("A.R.S.") Sections 12-120.21(A)(1), 13-4031, and 13-
4033(A)(1).

## DISCUSSION

¶13            Estrada argues the superior court erred by (1) denying his
motion to sever trial of various counts, (2) allowing Jennifer Ingalls to testify
as a "blind" expert witness, and (3) denying his Rule 20 motion for a
judgment of acquittal because insufficient evidence supported his
convictions.

**I.     The court did not err by denying Estrada's motion to sever the
         individual victim counts.**

¶14            Before trial, Estrada moved to sever the counts as to each
victim, arguing that "the unfairness and prejudice of joining each and every
count outweigh any benefit of judicial economy."  The court denied his
motion and he did not renew it during trial.  Because Estrada did not renew
his motion during trial, he bears the burden of proving the denial amounted
to fundamental, prejudicial error.  *State v. Allen*, 253 Ariz. 306, 308, ¶ 50
(2022); *see* Ariz. R. Crim. P. 13.4(c) ("The right to severance is waived if the
defendant fails to timely file and renew a proper motion for severance.").
Thus, he must show trial error exists, the error is fundamental, and the error
caused him prejudice.  *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).

¶15            Trial errors are fundamental when they (1) go to the
"foundation of the case," (2) deprive the defendant of "a right essential to
his defense," or (3) are "so egregious that [the defendant] could not possibly
have received a fair trial."  *Id.*  To show prejudice, a defendant must
establish that "a reasonable jury could have plausibly and intelligently
returned a different verdict" absent the error.  *Id.* at 144, ¶ 31.

¶16            Two or more offenses may be joined in an indictment if they
"(1) are of the same or similar character," "(2) are based on the same
conduct or are otherwise connected together in their commission," or "(3)
are alleged to have been a part of a common scheme or plan."  Ariz. R. Crim.
P. 13.3(a)(1)-(3).  Estrada did not argue the counts were improperly joined
under Rule 13.3(a) in the superior court.  Nor does he argue on appeal that
the offenses were improperly joined.  Thus, he has abandoned any
challenge to whether joinder was proper under Rule 13.3(a).  *State v. Carver*,
160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes
abandonment and waiver of that claim.").  We therefore presume the counts
were properly joined.

**¶17** Estrada argues the court erred by not granting his motion to sever because trying all counts together was prejudicial and allowed the jury to hear evidence that reflected poorly on his character. Joined offenses can be severed in two ways. First, on a party's motion, the court must sever joined offenses if "necessary to promote a fair determination of any defendant's guilt or innocence of any offense." Ariz. R. Crim. P. 13.4(a). Second, a defendant is entitled to severance as a matter of right if the offenses were "joined solely under Rule 13.3(a)(1), unless evidence of the other offense or offenses would be admissible if the offenses were tried separately." Ariz. R. Crim. P. 13.4(b). Estrada does not specify whether he believes the court erred by denying severance under Rule 13.4(a) or (b) so we address both in turn.

**¶18** First, under Rule 13.4(a), the superior court has "broad discretion to deny severance absent a showing of compelling and unavoidable prejudice." *State v. Romero*, 556 P.3d 305, 313 (App. 2024). Thus, "to establish error, [the defendant] is required to show that, at the time he moved to sever, 'he had proved that his defense would be prejudiced absent severance.'" *Id.* at ¶ 20 (citation omitted). And no prejudice results from a denial of a severance motion of properly joined offenses when the "jury is instructed to consider each offense separately and advised that each must be proven beyond a reasonable doubt." *Allen*, 253 Ariz. at 308, ¶ 62.

**¶19** Here, the jury was instructed:

> Each count charges a separate and distinct offense. You must decide each count separately on the evidence with the law applicable to it, uninfluenced by your decision on any other count. You may find that the State has proved beyond a reasonable doubt, all, some, or none of the charged offenses. Your finding for each count must be stated in a separate verdict.

We presume the jury followed its instructions, *State v. Pandeli*, 242 Ariz. 175, 189, ¶ 58 (2017), and therefore considered each count separately and uninfluenced by its decision on the other counts. Thus, Estrada cannot establish prejudice. *State v. Hausner*, 230 Ariz. 60, 75, ¶ 48 (2012); *State v. Miller*, 234 Ariz. 31, 38, ¶ 18 (2013), *Allen*, 253 Ariz. at 310, ¶ 62. Because Estrada does not contend that the offenses were improperly joined, and the requisite jury instruction was provided, even assuming fundamental error, Estrada has not met his burden of showing prejudice.

¶20 Second, under Rule 13.4(b), a defendant has a right to sever an offense joined solely under Rule 13.3(a)(1). But that right may not be exercised when "evidence of the other offense or offenses would be admissible under applicable rules of evidence if the offenses were tried separately." Ariz. R. Crim. P. 13.4(b). Thus, if the offenses were also properly joined under Rule 13.3(a)(2) or (3) or the other act evidence would have been admitted in a separate trial, a defendant has no right to severance.

¶21 As previously discussed, Estrada has not argued that the offenses should not have been joined under Rule 13.3(a)(2) or (3). Thus, he has not shown that he was entitled to severance as of right. But even if the offenses could only have been joined under Rule 13.3(a)(1), thus giving Estrada a right to severance, he would still have to show that the evidence of the other offenses would *not* be admissible under applicable rules of evidence, such as Rule 404(b) or (c), if the offenses were tried separately. Estrada has made no such argument or showing and has therefore not demonstrated error under Rule 13.4(b).

¶22 Estrada has not met his burden of proving the superior court's denial of his severance motion amounted to prejudicial, fundamental error.

## II.     The court did not err in permitting the State's expert witness to testify.

¶23 Estrada next argues the court erred in allowing the State's expert witness, forensic interviewer Jennifer Ingalls, to testify "blind" because her testimony was so prejudicial and inflammatory that it substantially outweighed any probative value and should have been excluded under Rule 403 of the Arizona Rules of Evidence.

¶24 Because Estrada did not object at trial, we review for fundamental error. *Escalante*, 245 Ariz. at 142, ¶ 21. Thus, Estrada bears the burden of showing trial error exists, the error is fundamental, and the error caused him prejudice. *Id.*

¶25 Arizona courts have long approved the admission of child sexual abuse victim behavior evidence, such as the testimony Ingalls provided here, to help the jury understand evidence or resolve fact issues. *See State v. Salazar-Mercado*, 234 Ariz. 590, 594-95, ¶¶ 18-19 (2014). Rule 702(d) does not bar admission of "blind" expert testimony and a court may admit such testimony if it satisfies Rule 702(a)-(c), *i.e.,* if it helps the jury understand evidence or resolve fact issues. *Salazar-Mercado*, 234 Ariz. at 593, ¶ 11; Ariz. R. Evid. 702(a).

¶26    Ingalls testified she knew nothing about the facts of this case. The purpose of her testimony was "to provide information . . . about common misperceptions of sexual abuse, or just child sexual abuse in general." She explained concepts such as the five steps of victimization and delayed disclosure to the jury. Her testimony related to the victims' failure to immediately disclose Estrada's actions.

¶27    Estrada does not argue that Ingalls was not qualified under Rule 702 or that her testimony was not relevant under Rule 402. Instead, he argues her testimony should have been excluded under Rule 403 because its probative value was substantially outweighed by a danger of unfair prejudice. "Unfair prejudice results if the evidence has an undue tendency to suggest decision on an improper basis, such as emotion, sympathy, or horror." *State v. Mott*, 187 Ariz. 536, 545 (1997).

¶28    Estrada makes general assertions that Ingalls's testimony was prejudicial, but he does not point to any specific statement that was allegedly prejudicial or had "an undue tendency to suggest decision on an improper basis." *Mott*, 187 Ariz. at 545. And, as previously mentioned, our supreme court has held that "cold" expert testimony, such as what Ingalls provided, is permissible. *See Salazar-Mercado*, 234 Ariz. at 594-95, ¶¶ 18-19.

¶29    Further, the court instructed the jury that:

> Expert opinion testimony should be judged just as any other testimony. You are not bound by it. You may accept it or reject it, in whole or in part, and you should give it as much credibility and weight as you think it deserves, considering the witness's qualifications and experience, the reasons given for the opinions, and all the other evidence in the case.

¶30    Estrada has not shown the superior court committed fundamental, prejudicial error by permitting Ingalls' testimony at trial.

**III.    Because substantial evidence supported each count, the court properly denied Estrada's Rule 20 motion.**

¶31    Estrada argues the court erred by denying his Rule 20 motion for a judgment of acquittal because there was insufficient evidence to support the convictions. He asserts that the victims' testimony was only "a very general overview" of the events and "given in the vaguest of terms." He specifically contends the victims' testimony lacked details regarding where and how they were touched, their ages, and that the State failed to show he acted intentionally or knowingly.

7

**¶32**         We review the denial of a Rule 20 motion de novo and view the evidence in a light most favorable to sustaining the verdict. *Allen*, 253 Ariz. at 335, ¶ 69. "After the close of evidence on either side, and on motion or on its own, the court must enter a judgment of acquittal on any offense charged in an indictment . . . if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). Substantial evidence is "proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Andersen*, 255 Ariz. 320, 323, ¶ 7 (App. 2023) (citation omitted). All evidence, direct and circumstantial, is considered in determining whether substantial evidence supports a conviction. *State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citation omitted). "When reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the [superior court] judge has no discretion to enter a judgment of acquittal." *State v. Lee*, 189 Ariz. 590, 603 (1997).

**¶33**         We test the evidence "against the statutorily required elements of the offense." *State v. Dodd*, 244 Ariz. 182, 185, ¶ 8 (App. 2017) (citation omitted). The testimony of "one witness, if relevant and credible, is sufficient to support a conviction." *State v. Montano*, 121 Ariz. 147, 149 (App. 1978). Generally, proof of a defendant's mental state must be inferred by the jury from the "behaviors and other circumstances surrounding the event." *State v. Noriega*, 187 Ariz. 282, 286 (App. 1996).

### A.    Substantial evidence supported each count of sexual conduct with a minor.

**¶34**         The State charged Estrada with thirteen counts of sexual conduct with a minor regarding Amber, Bridget, Christine, Diane, and Eve (Counts 1, 3, 5-6, 8-9, 14-16)—nine of which went to the jury. To convict Estrada of sexual conduct with a minor, the State had to prove, with respect to each of the victims, that Estrada intentionally or knowingly engaged in sexual intercourse or oral sexual contact with any person who is under eighteen years of age. A.R.S. § 13-1405(A).

**¶35**         As to Count 1, Amber testified that Estrada touched the outside of her vagina with his fingers and then he digitally penetrated her vagina. She testified that she was five or six years old at the time of the incident. The jury also heard the recorded phone call between Estrada and Bridget, in which Bridget asked Estrada: "Do you regret doing the same

thing to [Amber]?"   And Estrada responded, "Everything. I already told you, everything. Everything."

¶36        As to Count 3, Bridget testified that while she sat on Estrada's lap, he digitally penetrated her vagina.  She testified that she was nine or ten years old at the time of the incident.  The jury heard the following exchange from the phone call between Bridget and Estrada:

> [Bridget]: You don't regret touching my vagina?
>
> [Estrada]: Well, yes . . .
>
> [Bridget]: Do you regret doing that?
>
> [Estrada]: Yes.
>
> [Bridget]: But why did you do it?
>
> [Estrada]: I honestly don't know.

The jury also heard Estrada's interview with Detective Quezada in which the detective asked Estrada, "when you touched [Bridget] on her vagina, did it only happen once?" Estrada responded, "Yes."

¶37        As to Counts 5 and 6, Christine testified that she and Estrada drove to South Mountain together.  She described that once they were at the top of the mountain, they went to the back seat of the car where Estrada made her rub his penis (Count 5) and then he rubbed his penis on her shoulder (Count 6).  The jury heard Bridget ask Estrada during their phone call if he regretted his actions toward Amber and Bridget, "[a]nd with [Christine][,]" to which Estrada responded, "Everything. Everything." The jury also heard Detective Quezada ask Estrada during their interview: "your penis, you brushed it like on her shoulder." Estrada responded: "Yes, that's true."   And when Detective Quezada asked if it was correct that Estrada grabbed Christine's hand to touch his penis, Estrada responded: "It's—it's correct."   Estrada also told Detective Quezada that Christine was around 16 years old at the time.

¶38        As to Count 8, Diane testified that Estrada penetrated her vagina with his penis when she lived in Phoenix and that she was younger than ten years old when it occurred.  As to Count 9, Diane testified that Estrada digitally penetrated her vagina during the time she lived in Tempe and that she was around ten or eleven years old during this incident.

9

¶39         As to Count 14, Eve testified that Estrada digitally penetrated her vagina. During the 2014 investigation, Estrada told law enforcement that he may have accidentally touched her vagina while they were playing. As to Count 15, Eve testified that Estrada penetrated her vagina with his penis. As to Count 16, she testified that Estrada penetrated her anus with his penis. Eve testified that she was five years old at the time of these incidents.

¶40         The victims' testimony, along with Estrada's admissions, provided substantial evidence for a reasonable jury to find Estrada guilty of each of the elements of sexual conduct with a minor: sexual contact, age at the time of the contact, and that Estrada acted intentionally or knowingly. *See State v. Buccheri-Bianca*, 233 Ariz. 324, 334-35, ¶ 40 (App. 2013); *see also State v. Haas*, 138 Ariz. 413, 421 (1983).

### B.         Substantial evidence supported each count of molestation of a child.

¶41         To convict Estrada of molestation of a child regarding Diane and Eve (Counts 7, 10, 11), the State had to prove, with respect to both victims, Estrada intentionally or knowingly engaged in or caused a person to engage in sexual contact, except sexual contact with the female breast, with a child who is under fifteen years of age. A.R.S. § 13-1410(A).

¶42         As to Count 7, Diane testified that Estrada touched the outside of her vagina when she lived in Phoenix and that she was younger than ten years old during this incident. On Count 10, Diane testified that Estrada repeated this conduct on a separate occasion when she was living in Tempe and that she was ten or eleven years old for this incident.

¶43         As to Count 11, Eve testified that Estrada touched the outside of her vagina and that she was five years old at the time.

¶44         Substantial evidence existed from which a reasonable jury could find Estrada committed child molestation.

### C.         Substantial evidence supported the sexual abuse count.

¶45         To convict Estrada of sexual abuse (Count 12), the State had to prove Estrada intentionally or knowingly engaged in sexual contact with any person who is fifteen or more years of age without consent of that person or with any person who is under fifteen years of age if the sexual contact involved only the female breast. A.R.S. § 13-1404(A).

**¶46** Eve testified that Estrada touched her breast when she was five years old. Eve testified that Estrada threatened to hurt her or kill her mom if she told anyone what he was doing to her.

**¶47** Eve's testimony provided substantial evidence from which a reasonable jury could find Estrada intentionally or knowingly engaged in sexual abuse of Eve.

**¶48** In sum, sufficient evidence supports Estrada's convictions.

## CONCLUSION

**¶49** We affirm.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:          JR