IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Petitioner*,

*v.*

THE HONORABLE GEOFFREY FISH, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

KIPLING D. HARRIS (001); KIMBERLY M. LACOUNT (002),
*Real Parties in Interest.*

No. 1 CA-SA 24-0097

FILED 11-26-2024

---

Appeal from the Superior Court in Maricopa County
No. CR2016-132194-001
CR2016-132194-002
The Honorable Geoffrey H. Fish, Judge

**VACATED & REMANDED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By John Jordan Uglietta, Kristin L. Larish
*Counsel for Petitioner*

Maricopa County Public Defender's Office, Phoenix
By Nikolas D. Forner, Alicia M. Dominguez
*Counsel for Respondent Kipling D. Harris*

Maricopa County Office of the Legal Advocate
By Jabron Lynn Whiteside, Bruce A. Alldredge
*Counsel for Real Party in Interest Kimberly LaCount*

---

## OPINION

Judge Brian Y. Furuya delivered the opinion of the Court, in which Presiding Judge Anni Hill Foster and Vice Chief Judge Randall M. Howe joined.

---

**F U R U Y A**, Judge:

**¶1**        The State petitioned for special action relief from the superior court's order requiring disclosure of the State's investigator's trial notes under Arizona Rule of Criminal Procedure ("Rule") 15.1. By order issued on May 28, 2024, we accepted jurisdiction and granted relief, with an opinion to follow explaining our reasoning. This is that opinion.

**¶2**        Defendants argue, and the superior court concluded, that the investigator's trial notes constitute a witness' "written materials" under Rule 15.1(b)(1) and must be disclosed. Defendants also argue that the State's designation of the investigator as a testifying fact witness for purposes of a penalty-phase retrial waived any protections under the work product doctrine. As explained below, we hold: (1) mere observations recorded in the investigator's trial notes are not "written statements" subject to disclosure; (2) opinions, theories, and conclusions recorded in the investigator's trial notes are protected from disclosure as work product; (3) the State did not waive work product protections by designating its investigator as a fact witness because, on this record, the State does not propose any "testimonial use" of the trial notes; and (4) Defendants cannot show requisite need and unavailability of information to overcome work product protections. Therefore, we vacated the court's order and remanded for further proceedings.

### FACTS AND PROCEDURAL HISTORY

**¶3**        This special action stems from a murder case where the State is seeking the death penalty. The two defendants involved, Kipling Harris and Kimberly LaCount (collectively, "Defendants"), real parties in interest, had their trials severed. Harris was tried first and found guilty of two counts of first-degree murder and one count of attempted first-degree murder. During the following penalty-phase trial, the court declared a mistrial after the jury failed to reach unanimous verdicts on the appropriate sentences.

¶4 During both of Harris' trials, the State designated a Glendale Police Department detective as its investigator ("Investigator") to assist the prosecutors with the State's case. The Investigator regularly attended court proceedings, sat at counsel table with the prosecutors, and took notes. The Investigator was not the officer primarily responsible for investigating this case, and his notes can reflect only his observations or subjective impressions of evidence as it was presented during trial. After the State noticed its intent to call the Investigator as a fact witness at Harris' penalty-phase retrial, Harris moved to compel disclosure of the Investigator's trial notes, written throughout the course of both prior trials. LaCount joined Harris' motion, because the Investigator was also noticed as a fact witness in her case, which had not yet begun. The State opposed the motion, arguing the notes were protected under the work product doctrine and that the Investigator would not be relying upon or referencing those notes while he was testifying as a fact witness in either of Defendants' cases.

¶5 Following oral argument, the court granted Defendants' motions to compel, concluding the Investigator's trial notes were "written materials" of a testifying witness, subject to disclosure under Rule 15.1. Recognizing the work product concern, however, the court ordered the State to redact any potential work product in the Investigator's trial notes, disclose the redacted version of the trial notes to Defendants, and file an unredacted copy under seal.[1] The State then filed this special action.

## DISCUSSION

### I.    Special Action Jurisdiction Accepted.

¶6 The decision to grant or deny special action jurisdiction is discretionary. *See* Ariz. R.P. Spec. Act. 1(a) (authorizing special action jurisdiction when a party has no "equally plain, speedy, and adequate remedy by appeal"). When the matter involves a purely legal question of first impression, is of statewide importance, or is likely to recur, we may

---

[1]    Defendants argue the court correctly ordered the State to file the Investigator's unredacted notes under seal for appeal purposes per Rule 15.5(d). The State disagrees. But because we hold that nothing in the Investigator's trial notes could be subject to disclosure and because Harris did not timely appeal his convictions and sentences, that issue is moot, and we do not address it further. *See Welch v. Cochise Cnty. Bd. of Supervisors*, 251 Ariz. 519, 523 ¶ 12 (2021) (Arizona courts "exercise restraint to ensure they refrain from issuing advisory opinions, that cases be ripe for decision and not moot.") (internal quotation omitted).

exercise our discretion to accept jurisdiction. *See State v. Covil*, 252 Ariz. 40, 41 ¶ 2 (App. 2021). Special action jurisdiction is proper to determine a question of privilege or protection from disclosure by the work product doctrine because an appeal offers no adequate remedy for the prior disclosure of protected information. *Cf. McGlothlin v. Astrowsky*, 255 Ariz. 449, 455 ¶ 12 (App. 2023). Because this case involves "purely legal issues, which are likely to arise again," regarding applicability of Rule 15.1 and the work product protections to an investigator's trial notes, we accept special action jurisdiction. *Arpaio v. Figueroa*, 229 Ariz. 444, 446 ¶ 5 (App. 2012).

¶7 We review discovery rulings in criminal cases for an abuse of discretion. *Naranjo v. Sukenic*, 254 Ariz. 467, 472 ¶ 17 (2023). A "court abuses its discretion when it misapplies the law or predicates its decision on incorrect legal principles." *Johnson v. Hartsell*, 254 Ariz. 585, 589 ¶ 14 (App. 2023) (internal quotation omitted). Legal issues, including the interpretation of the Rules, are reviewed de novo. *Id.*

## II.     The Investigator's Trial Notes Are Not Subject to Disclosure.

¶8 Defendants argue, and the court concluded, that because the Investigator was subsequently designated as a testifying fact witness, his notes taken during Harris' previous trials are "written statements" per Rule 15.1(b)(1), and therefore at least portions of them are not attorney work product and must be disclosed.

¶9 "There is no general constitutional right to discovery in a criminal case." *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *Draper v. Gentry*, 255 Ariz. 417, 422 ¶ 16 (2021) (observing that the due process right to a meaningful opportunity to present a complete defense does not "entail a general constitutional right to discovery" (cleaned up)). Rather, discovery in criminal cases is largely governed by court rules. Central here is Rule 15.1, which governs defendants' specific rights to discovery. *See Draper*, 255 Ariz. at 422–23 ¶¶ 16, 18. Rule 15.1 requires the State to disclose "any relevant written or recorded statement of [a] witness" in its case-in-chief and also such materials and information that "tend[] to mitigate or negate the defendant's guilt or would tend to reduce the defendant's punishment." Rule 15.1(b)(1), (8). Thus, our task is to determine whether Rule 15.1 compels disclosure of the Investigator's trial notes or any portion of them.

¶10 The record provided does not contain a copy of the notes at issue. Nevertheless, it is undisputed that they were taken exclusively during trial. Nor was the Investigator the original case agent investigating

4

the crimes. Disregarding any irrelevant material[2], it follows that his trial notes can reflect only what the Investigator perceived, considered, or concluded during the two trials. As such, the Investigator's notes could contain only his descriptions of trial proceedings and evidence as he observed it being presented, his subjective impressions and thoughts about what he observed during trial, or his in-trial communications with prosecutors about this material. But contrary to Defendants' arguments, nothing that could be recorded within the Investigator's trial notes is subject to disclosure.

¶11        First, the disclosure rules do not apply to those portions of the Investigator's trial notes that may record his observations of the trials because such material does not qualify as a "statement" under Rule 15.1. Second, concerning the Investigator's subjective impressions and thoughts recorded throughout the trials, his notes about such things are protected work product. Third, the State's designation of the Investigator as a testifying witness did not waive the work product protections because the State did not propose any "testimonial use" of the trial notes. Fourth, Defendants cannot show requisite need and unavailability of information to override applicable work product protections.

### A.        The Investigator's Observations Recorded in His Trial Notes Are Not "Statements" Subject to Disclosure.

¶12        The State's disclosure obligation is limited to "any relevant written or recorded *statement* of [a] witness." Rule 15.1(b)(1) (emphasis added). However, the Rules further clarify that "[h]andwritten notes are not a statement if they . . . were preserved electronically, mechanically, or by verbatim dictation." Rule 15.4(a)(3).

¶13        Here, all events and evidence presented at the trials were preserved by admission of exhibits and use of court reporters to take verbatim dictation of the proceedings. This more faithful preservation of trial events and evidence supersedes any observations the Investigator may have made in his handwritten trial notes. *Id.* Thus, to the extent the Investigator's trial notes contain any such observations, they are not "statements" subject to disclosure. *See* Rules 15.1(b)(1); 15.4(a)(3). And the same is true of any communications with prosecutors recorded in the trial

---

[2]        Any required disclosures must be relevant. Rule 15.1(b)(1). Therefore, any irrelevant material in the Investigator's trial notes is not subject to disclosure. *Id.*

notes regarding these observations. These communications would likewise not qualify as "statements" and would not be subject to disclosure. *Id.*

>   **B.     The Investigator's Opinions, Theories, and Conclusions About the Trials Recorded in His Trial Notes Are Protected Work Product.**

**¶14**         Even if Defendants could show that the Investigator's notes contain "statements" under Rule 15.1, Rule 15.4(b)(1) expressly excludes disclosure of work product. Such non-disclosable work product includes "legal research or records, correspondence, reports, or memoranda to the extent they contain the opinions, theories, or conclusions of the prosecutor or defense counsel, members of their respective legal or investigative staff, or law enforcement officers." *Id.* This exception recognizes not only the privacy of an attorney's own work product but also recognizes that attorneys must, and will, interact with investigative staff and law enforcement officers, who will also assist in developing opinions, theories, or conclusions regarding the case. *Id.*

**¶15**         Here, the Investigator is a qualifying person for purposes of determining work product protections under Rule 15.4(b)(1) because he is a "law enforcement officer," who attended both trials and sat at counsel table with prosecutors as a designated investigator of the State. During the trials, he observed the presented evidence and arguments of counsel and took notes. Any impressions and thoughts about the trials and evidence contained within the Investigator's trial notes would reflect his own processing of trial events, arguments, and evidence. Such subjective reflection necessarily would constitute "opinions, theories, or conclusions." Rule 15.4(b)(1).

**¶16**         Defendants counter that the Investigator's trial notes are not protected under the work product doctrine, citing *State v. Johnson*, 247 Ariz. 166, 193 ¶ 86 (2019). But *Johnson* is distinguishable. *Johnson* involved pre-trial disclosure of a defense attorney's notes taken during interviews of mitigation witnesses. *Id.* at 193 ¶ 83. Those notes related to anticipated testimony of the noticed mitigation witnesses—that is, they recorded what the witnesses indicated they would testify to at trial. *Id.* The notes were written "statements" and subject to disclosure obligations under the Rules because such statements "are not theories, opinions and conclusions of the parties or their agents." *Id.* at 193 ¶ 86 (internal citations omitted).

**¶17**         Here, Defendants are seeking the Investigator's *trial* notes. That distinction alone is determinative. The pre-trial notes in *Johnson*, taken

during development of the case, contained the substance of witness testimony yet to be offered at trial, and for which no other record existed. *Id.* at 193 ¶ 83. By contrast, as to relevant factual matters, the Investigator's trial notes can contain only observations of what others presented during trial or his characterizations and thoughts about the same. They could not reflect his own anticipated testimony because he was not the investigating case agent for the crimes, and he was not designated as a testifying fact witness until after both trials had already concluded. Further, notes concerning the Investigator's subjective processing of the events unfolding during trial constitute his opinions, theories, or conclusions about the trial, and, therefore, are protected as work product.

¶18 Because the Investigator's observations reflected in his trial notes do not qualify as "statements" under Rule 15.1(b)(1), and all other relevant material is protected by the work product doctrine under Rule 15.4(b)(1), *Johnson* is inapplicable. *See Johnson*, 247 Ariz. at 193 ¶¶ 85–86 (reasoning that Johnson's attorney's notes were subject to disclosure because they were "statements" and not otherwise protected).

### C. Because the State Did Not Propose to Make Testimonial Use of the Trial Notes, the State Has Not Waived Work Product Protections.

¶19 Work product protection "is not absolute." *United States v. Nobles*, 422 U.S. 225, 239 (1975). It may be waived when parties elect to make "testimonial use" of their work product. *Id.* at 239–40. Nevertheless, LaCount argues that the work product doctrine does not shield the Investigator's trial notes because they are highly relevant to the credibility of other witnesses. She points to *Nobles* for this proposition, but that case does not help her.

¶20 In *Nobles*, defense counsel hired a private investigator who interviewed two key witnesses and prepared a written report. *Id.* at 227. At the following trial, defense counsel relied on the report during cross-examination of the witnesses and sought to call the private investigator as a witness to provide a contrast with those same witnesses' statements. *Id.* at 227–29. The *Nobles* Court observed that "testimonial use of [protected] materials" causes "the normal rules of evidence [to] come into play with respect to cross-examination and production of documents." *Id.* at 239 n.14. The *Nobles* Court held that by choosing to call the private investigator as a witness to impeach the credibility of other witnesses, the defendant waived any applicable work product protections applicable to the matters to which the private investigator testified. *Id.* at 239–40. But here, unlike the pre-trial

report in *Nobles* used to contrast the witnesses' statements, the State never used the Investigator's trial notes during examination of other witnesses. Nor does the record indicate that the State intended to question the Investigator on the contents of his trial notes for any purpose. To the contrary, the State affirmed to the court that the Investigator would not rely on or reference his trial notes while he testified in either of Defendants' cases. As such, LaCount failed to prove that the State intended the testimonial use of the Investigator's trial notes simply by designating the Investigator as a testifying fact witness or that "the production of [the Investigator's trial notes] might substantially enhance 'the search for truth.'" *Id.* at 232 (quoting *Williams v. Fla.*, 399 U.S. 78, 82 (1970)).

¶21        Citing *Para v. Anderson*, 231 Ariz. 91 (App. 2012), Defendants maintain that the act of designating the Investigator as a testifying fact witness waives any applicable work product protection. Harris analogizes the Investigator's designation to the transition from "consulting expert" to "testifying expert." While the work product doctrine protects an expert performing services in a purely consulting role, a party waives any such protections when it redesignates a consulting expert as a testifying expert. *See Para*, 231 Ariz. at 93 ¶ 8; *see also Corbin v. Ybarra*, 161 Ariz. 188, 193 (1989) (discussing waiver of work product protections due to transition from consulting to testifying expert status in the context of a criminal case). Harris contends this principle applies to the Investigator here. We disagree.

¶22        The analogy to cases involving use of expert witnesses is inapt here because the Investigator was designated as a fact witness, not an expert witness. And this record contains nothing beyond mere speculation that would support an intention to use the Investigator as an expert witness. Waiver as to work product protections of trial notes might make some sense in the context of expert witnesses, who may rely upon observations during trial to supplement or refine their opinions, thereby arguably making testimonial use of those notes. *See Nobles*, 422 U.S. at 239 n.14. But we decline to extend that analysis to the context of designated investigators who assist counsel at counsel table during trial and are later disclosed as non-expert fact witnesses in a subsequent proceeding and no testimonial use is contemplated. Such investigators' subjective opinions, as recorded in their trial notes, are irrelevant to their later testimony as fact witnesses.

¶23        Because the Investigator was not disclosed to provide expert opinions in this case, and no other testimonial use is evident, merely electing to present him as a fact witness does not waive any protections as concerns his trial notes. *Id.* Thus, the State did not waive work product protections concerning the Investigator's trial notes.

### D. Defendants Have Not Demonstrated Substantial Need and Unavailability to Overcome Work Product Protections.

**¶24** Our supreme court has directed that "[o]n any consideration of the work product doctrine, [a court] must consider an additional factor: availability of the item sought in discovery." *Corbin*, 161 Ariz. at 194. "If the information sought is equally available to both parties, it receives the broadest protection." *Id.* On the other hand, "if the information sought is unavailable to one of the parties, the work product doctrine may not protect it, ensuring that both parties have equal access to all information necessary for a fair determination of the case." *Id.* Further, the Rules explicitly recognize the principle of equal access to information. Specifically, Rules 15.1(g) and 15.2(g) allow the State and defendants to obtain material upon a showing of "substantial need" of the material when the party cannot obtain it without "undue hardship." *Id.*

**¶25** Here, LaCount argues she has great need for the Investigator's trial notes because the notes are allegedly important to witness credibility. But "Arizona prohibits testimony from an expert or lay witness that opines as to the truthfulness of a statement by another witness" because "[t]estimony about the truthfulness or credibility of other witnesses invades the province of the jury." *State v. Martinez*, 230 Ariz. 382, 385 ¶ 11 (App. 2012). Thus, LaCount fails to demonstrate need for the Investigator's notes for the purpose of questioning him about the credibility of other witnesses.

**¶26** Defendants also invoke *Johnson* for the proposition that "where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had." 247 Ariz. at 194 ¶ 88 (cleaned up). But Defendants provide nothing beyond pure speculation that such relevant and non-privileged facts could be contained in the Investigator's trial notes. *Id.* And, as the *Johnson* Court recognized, "without purported necessity or justification," counsel is not entitled to gather evidence "revealed to him already through the interrogatories or is readily available to him direct from the witnesses for the asking, . . . only to help prepare himself to examine witnesses and to make sure that he ha[d] overlooked nothing." *Id.* at 193–94 ¶ 87 (quoting *Hickman v. Taylor*, 329 U.S. 495, 510–13 (1947)). We agree with the *Johnson* Court that no legitimate purpose would be served by disclosing information that is available to both parties without sufficient substantial need or undue hardship. *See id.*

¶27 Here, even if the purpose to obtain the trial notes was merely to inform Defendants' preparations for examining the Investigator or to glean material for impeachment, any observations that could be recorded in the Investigator's trial notes—about credibility or otherwise—were equally available to Defendants because the trials were open to the public, as are the verbatim records of them. Again, the Investigator was not the officer primarily responsible for investigating this specific case, and his notes can reflect only his observations or subjective impressions of evidence as it was presented during the two trials in question. And the Investigator took these notes during trials that were "readily available" to Defendants. With equal access to the same information about which the Investigator was taking notes, Defendants cannot show requisite substantial need or undue hardship that permit them to ignore the verbatim record in favor of compelling disclosure of the Investigator's trial notes. They need only look to the record. As such, the Investigator's trial notes must receive the broadest protection under the work product doctrine. *Corbin*, 161 Ariz. at 194. Therefore, Defendants cannot overcome the work product protections shielding the Investigator's trial notes.

## CONCLUSION

¶28 For the reasons explained, we accept special action jurisdiction and grant relief, vacating the superior court's disclosure order and remanding for further proceedings.

